**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ODIS JONES** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 1:20-cv-1210** |
| **v.** | § | |
| | § | |
| **CITY OF HUTTO;** | § | |
| **MIKE SNYDER, individually;** | § | |
| **TANNER ROSE, individually;** | § | |
| **and WARREN HUTMACHER,** | § | |
| **individually,** | § | |
| | § | |
| **Defendants.** | § | |

---

### DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

---

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COME Defendants City of Hutto ("the City"), Mike Snyder, Tanner Rose and Warren Hutmacher (collectively, "Defendants" or "City Defendants"), and subject to, and without waiving, any affirmative defenses or jurisdictional challenges that may be raised in dispositive motion(s) filed by the Defendants, Defendants file their Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint, and plead as follows:

Pursuant to Federal Rules of Civil Procedure 8(b) and 15(a)(3), the City Defendants respond to each of the specific averments in Plaintiff's Complaint as set forth below. To the extent that the City Defendants do not address a specific allegation made by Plaintiff, the City Defendants expressly deny that allegation.

## I.  FIRST AMENDED ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

### A.  ADMISSIONS AND DENIALS

With respect to the specific allegations contained in the numbered paragraphs in the Complaint, Defendants plead as follows:

1.     This paragraph contains legal conclusions, to which no response is required ("racially motivated actions," "defame and disparage," "interfere," "breach" and "lawfully entered"). Defendants admit the entering into of an Employment Agreement and Separation Agreement but deny the remaining factual allegations in this paragraph.

2.     This paragraph contains legal conclusions, to which no response is required ("impropriety", and "purporting to void").  Defendants admit written contracts with Plaintiff were previously entered into and that Plaintiff seeks forms of relief as outlined by Plaintiff but deny the remaining factual allegations in this paragraph.

3.     This paragraph contains legal conclusions, to which no response is required ("conspiracy to deter, intimidate, and threaten witnesses…").  Defendants deny the remaining factual allegations in this paragraph.

4.     This paragraph contains legal conclusions, to which no response is required ("claims that accrued prior to the end of his employment").  Defendants admit the entering into of a Separation Agreement, but deny the remaining factual allegations in this paragraph.

5.     Defendants admit Plaintiff seeks forms of relief as outlined by Plaintiff but deny the remaining factual allegations in this paragraph.

6.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

7.     Defendants admit the allegations in this paragraph.

8.      Defendants admit the allegations in this paragraph.

9.      Defendants admit the allegations in this paragraph.

10.     Defendants admit the allegations in this paragraph.

11.     This paragraph contains legal conclusions, to which no response is required (Plaintiff's redress sought is in accordance with the statutes specified by Plaintiff).  Defendants admit that Plaintiff seeks the relief specified by Plaintiff.

12.     This paragraph contains legal conclusions, to which no response is required (jurisdiction of Court, supplemental jurisdiction of Court over state claims).   Defendants deny the remaining factual allegations in this paragraph.

13.     This paragraph contains legal conclusions, to which no response is required (where an action lies, or venue, interpretation of contract, validity of contract).   Defendants admit the entering into of an Employment Agreement.   Defendants admit that Plaintiff attaches to its complaint what purports to be an Employment Agreement as Exhibit 1, with stated terms of employment and that the terms of such instrument are described in the Employment Agreement attached to Plaintiff's complaint, which speaks for itself.   Defendants deny the remaining factual allegations in this paragraph.

14.     This paragraph contains legal conclusions, to which no response is required (meeting of conditions precedent).  Defendants deny the remaining factual allegations in this paragraph, if any.

15.     This paragraph contains legal conclusions, to which no response is required (interpretation of contract; validity of contract).  Defendants admit that the City of Hutto hired an African-American City Manager.   On information and belief, Defendants admit that Odis Jones was the first African-American to serve as Hutto City Manager.  Defendants admit that Odis Jones was hired in 2016.  Defendants admit that Plaintiff attaches to its complaint what purports to be a 2018

Employment Agreement as Exhibit 1, with stated terms of employment and that the terms of such instrument are described in the Employment Agreement attached to Plaintiff's complaint, which speaks for itself.  Defendants deny the remaining factual allegations in this paragraph.

16.     Defendants admit that Plaintiff was City Manager during the time period described. Defendants deny the remaining factual allegations in this paragraph.

17.     Defendants admit that Mike Snyder and Tanner Rose were duly elected to the Hutto City Council in May 2019. Defendants deny the remaining allegations in this paragraph.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph related to "reports" of official oppression.  Defendants deny the remaining factual allegations in this paragraph.

19.     Defendants deny the factual allegations in this paragraph.

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph (Plaintiff does not supply his letter described in the paragraph). Defendants deny the remaining factual allegations in this paragraph.

21.     Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph (Plaintiff does not supply his letter described in the paragraph). Defendants deny the remaining factual allegations in this paragraph.

22.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph (as to whether a City employee submitted a complaint "coincidentally" or the nature of the quoted coincidence, or whether Defendants "had a hand" in any such complaint or its timing and no complaint is supplied). Defendants deny the remaining factual allegations in this paragraph, if any.

23.     Defendants are without knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph. (Defendant does not supply the investigation report to which he refers or detail its findings). Defendants deny the remaining factual allegations in this paragraph.

24. Defendants admit that the City Council met in Executive Session on November 16, 2019. Defendants are without knowledge or information sufficient to form a belief as to the truth of other allegations in this paragraph. (Plaintiff does not supply the text of his "expressions"). Defendants deny the remaining factual allegations in this paragraph.

25. Defendants admit there was a November 16, 2019 City Council meeting and that following that meeting, the parties negotiated a separation agreement, which speaks for itself. Defendants deny the remaining factual allegations in this paragraph.

26. Defendants admit that there was a November 21, 2019 City Council meeting. Defendants admit the existence or presentation of a purported Separation Agreement, post-executive session, with various separation terms, which speak for themselves. Defendants deny the remaining factual allegations in this paragraph.

27. Defendants admit the existence of a separation agreement, which speaks for itself. Defendants deny that Plaintiff had placed the City on notice of claims against it that Plaintiff recites. Defendants deny the remaining factual allegations in this paragraph.

28. Defendants admit the existence or presentation of a purported consulting agreement, which speaks for itself. Defendants deny the remaining factual allegations in this paragraph.

29. Defendants admit that on November 21, 2019, on a motion by Councilmember Scott Rose, the Hutto City Council voted to authorize a separation agreement with Plaintiff effective December 31, 2019 and a consulting agreement effective January 1, 2020 to July 30, 2020 by a 5-1 vote. Defendants deny the remaining factual allegations in this paragraph.

30.     This paragraph contains legal conclusions, to which no response is required (certain statements are disparaging and derogatory to Plaintiff).   To the extent a response is required, Defendants admit a press release regarding Plaintiff was released by Defendant Snyder and Defendant Rose on or about November 25, 2019, which was the subject of various news stories, and which speaks for itself.  Defendants are without knowledge or information sufficient to form a belief as to the truth of other allegations in this paragraph (Plaintiff does not supply a copy of the "cease and desist letter" to the City).  Defendants deny the remaining factual allegations in this paragraph.

31.     Defendants admit that City Council met on December 5, 2019. Defendants are without knowledge or information sufficient to form a belief as to the truth of other allegations in this paragraph (Plaintiff does not supply a copy of former or present policies of the City to which he refers).  Defendants deny the remaining allegations in this paragraph.

32.     Defendants admit investigations into Plaintiff's misconduct occurred.  Defendants deny the remaining factual allegations in this paragraph.

33.     Defendants maintain that both instances of the subject matter of legal advice to City Council referred to by Plaintiff is privileged under attorney-client privilege.   Subject thereto, Defendants deny the factual allegations in this paragraph.

34.     Defendants are without knowledge or information sufficient to form a belief as to the truth of certain allegations in this paragraph (supposed types of plans or schemes regarding past employees).  Defendants deny the remaining allegations in this paragraph.

35.     Defendants admit that City Council met on December 19, 2019.  Defendants admit that City Council voted to place Plaintiff on administrative leave and terminated the Consulting Agreement with Plaintiff.  This paragraph contains legal conclusions, to which no response is

required ("breached" the "valid" Consulting Agreement).  Defendants are without knowledge or information sufficient to form a belief as to the truth of certain allegations in this paragraph (Plaintiff does not supply a copy of the letter "through his attorney notifying them" concerning "continued actions"). Defendants deny the remaining allegations in this paragraph.

36.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as Defendants were not parties to the alleged conversation. Subject thereto, Defendants deny the remaining factual allegations in this paragraph, if any.

37.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as Defendants were not parties to the alleged conversation. Subject thereto, Defendants deny the factual allegations in this paragraph, if any.

38.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as Defendants were not parties to the alleged conversation. Subject thereto, Defendants deny the factual allegations in this paragraph, if any.

39.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as Defendants were not parties to the alleged conversation. Subject thereto, Defendants deny the factual allegations in this paragraph, if any.

40.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as Defendants were not parties to the alleged conversation. Subject thereto, Defendants deny the factual allegations in this paragraph, if any.

41.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as Defendants were not parties to the alleged conversation. Subject thereto, Defendants deny the factual allegations in this paragraph, if any.

42.     Defendants are without knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph as (a) Defendants are not parties to Plaintiff's internal views and (b) Plaintiff does not supply the reports to Defendants as exhibits or otherwise and Defendants are not aware which, if any, criminal investigations are initiated or ongoing. Defendants deny the remaining factual allegations in this paragraph, if any.

43.     Defendants admit the making by the City of a severance payment to Plaintiff in the amount of $412,000.  This balance of the paragraph contains legal conclusions, to which no response is required (interpretation of contracts and the interrelation between contracts).  Defendants deny the remaining factual allegations in this paragraph, if any.

44.     Defendants admit that Plaintiff has separated from employment.  This paragraph contains legal conclusions, to which no response is required (Defendants continue to engage in illegal and discriminatory actions against Plaintiff, defame and disparage Plaintiff and tortiously interfere with his business opportunities, concluding that alleged actions of Defendants are illegal; concluding that alleged emails were disparaging and defamatory). Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as Plaintiff does not identify Defendant Snyder's or Defendant Rose's alleged *multiple* published statements by date or place of publication, with a single exception of an alleged press release of November 25, 2019; does not identify the dates of alleged communications or business persons with whom Mr. Snyder allegedly communicated; does not enumerate the business opportunities with which Defendants allegedly interfered; does not identify the multiple social media or news media as alleged, except, as alleged, for the Austin American Statesman of November 26, 2019, of which Plaintiff does not provide a copy of the alleged article, or dates of Defendant Snyder and Rose's alleged statements other than the single "press release;" *supra*; does not specify whether Defendants Snyder's and Rose's alleged social media posts were individual

or joint or duplicates; does not identify the dates or particular individual Defendant that sent any particular alleged defamatory and disparaging emails; and does not provide a copy of the published statement in which Plaintiff alleges Defendant Snyder indicated he would "destroy" Mr. Jones, despite quoting from it.   As to unwritten communications alleged, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as Defendants were not parties to the alleged conversations or "contacts." Subject to the above, Defendants deny the remaining factual allegations in this paragraph, if any.

45.   To the extent this paragraph depends on preceding paragraphs, Defendants adopt and incorporate by reference the admissions and denials of the preceding paragraphs as if fully set forth verbatim.  Defendants admit that the City Council of Hutto passed a resolution on December 3, 2020, declaring void Plaintiff's Separation Agreement with the City and declaring Plaintiff was terminated effective December 31, 2019.  This paragraph contains legal conclusions, to which no response is required ("the City took this unprecedented action based on false and stigmatizing purported reasons").  Moreover, Plaintiff ascribes and alleges a single motivation, reason or set of reasons for a decision of an entire legislative body.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as Plaintiff does not identify which City Managers employment situations were analogous to those of Defendant; nor does he name the former City Manager who received a "name clearing hearing," as applicable per Plaintiff's allegations, only on Plaintiff's legal conclusion that a City action regarding his status occurred under reasons of his wrongful acts or his reputation.  Defendants deny the remaining factual allegations in this paragraph, if any.

46.   Defendants admit that on or about December 4, 2020, correspondence on behalf of the City of Hutto was sent to Plaintiff rescinding the separation agreement and demanding the return of the

$412,000 paid to Plaintiff for the reasons set forth therein. This paragraph contains legal conclusions, to which no response is required (Separation Agreement was "validly entered into;" Plaintiff's payment was "lawfully owed and paid;" and Plaintiff's Employment Agreement was "valid" on December 4, 2020). Because Plaintiff refers to "Exhibit 4," seemingly only with respect to distinct documents within Exhibit 4, Defendants are without knowledge or information sufficient to form a belief as to whether the correspondence referenced as consisting of Exhibit 4 is actually the whole of the correspondence supplied, or any particular part thereof. Subject thereto, Defendants deny the remaining factual allegations in this paragraph, if any.

47.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations related to conversations to which Defendants were not a party and of which they do not have personal knowledge. Defendants deny the remaining factual allegations in this paragraph, if any.

48.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations related to writings to which Defendants were not a party. This paragraph contains legal conclusions, to which no response is required ("racial animus" and "illegal actions") Defendants deny the remaining factual allegations in this paragraph, if any.

49.     This paragraph contains legal conclusions, to which no response is required. Defendants deny the remaining factual allegations in this paragraph, if any.

50.     Defendants admit that certain employment positions within the City of Hutto were considered for defunding by the City and that various former employees resigned during the general time frame implied by this paragraph. Defendants deny the remaining factual allegations in this paragraph, if any.

51.     Defendants are without knowledge or information sufficient to form a belief as to the truth

of the allegations as "Witness 2" is not identified to Defendants in the Complaint and Defendants are not a party to, or privy to, the constructions of the meanings of alleged events by the leadership of an unidentified "professional organization." Defendants deny the remaining factual allegations in this paragraph, if any.

52.     This paragraph contains legal conclusions, to which no response is required ("further conspired," "action to retaliate," "conspiring"). Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, as "Witness 2," and also, the "professional organization" employer of "Witness 2" are not identified to Defendants in the Complaint, the alleged agreements or Memoranda of Understanding with the unidentified "organization" that Defendants are alleged to have sought to void are not identified or supplied, the alleged "fundraising events" that Defendants are alleged to have prohibited, or "conspired" to prohibit City employees from engaging in are not identified to Defendants, and further, the City actions of record taking alleged adverse actions against the "professional organization" are not identified or supplied. Defendants deny the remaining allegations in this paragraph.

53.     Plaintiff admits that Plaintiff is a member of the "African American Race." This paragraph contains legal conclusions, to which no response is required ("protected class," - without further reference in the paragraph as to the applicable statute).

54.     This paragraph contains legal conclusions, to which no response is required (descriptions of statutes). Defendants deny the factual allegations in this paragraph, if any.

55.     Defendants incorporate herein their prior responses, admissions and denials, *supra*, as if fully set forth herein at length.   This paragraph contains legal conclusions, to which no response is required (including, without limitation, "intentionally discriminated," "in violation of 42 U.S.C sec. 1981…," "an official policy promulgated…," "by the City policymaker," "stigmatizing,"

"breach of his Consulting Agreement," "rely to his detriment," "unjustly enriched," and "breaching the Separation Agreement and Employment Agreement…."). Defendants are without knowledge or information sufficient to form a belief as to the truth of certain allegations, as, for example, without limitation, Plaintiff does not articulate the alleged "official policy" allegedly promulgated, Plaintiff does not identify the particular City policymaker and Plaintiff does not articulate or describe the "other employment opportunities" and "business contracts" that were "foreclosed" by Defendants. Defendants deny the remaining factual allegations in this paragraph, if any.

56.    This paragraph contains legal conclusions, to which no response is required ("race-based discrimination and retaliation in the employment context," "if such a reason is propounded, it is a pretext," "equitably estopped"). Defendants deny the remaining factual allegations in this paragraph, if any.

57.    This paragraph contains legal conclusions, to which no response is required ("unlawful practices," "official policy," "direct cause," "moving force," and "violations of 42 U.S.C. § 1981"). Defendants deny the remaining factual allegations in this paragraph, if any.

58.    Plaintiff admits that Plaintiff is a member of the "African American Race." This paragraph contains legal conclusions, to which no response is required ("protected class," - without further reference in the paragraph as to the applicable statute).

59.    This paragraph contains legal conclusions, to which no response is required (descriptions of statutes, "no legitimate connection," "outside the bounds," and "interfere"). Defendants are without knowledge or information sufficient to form a belief as to the truth of certain allegations, as, for example, without limitation, the lack of articulation of alleged "prospective and existing contractual relationships," and lack of articulation of "affirmative steps." Defendants deny the remaining factual allegations in this paragraph, if any.

60.    This paragraph contains legal conclusions, to which no response is required ("intent to discriminate against Plaintiff on the basis of his race," "actions of discrimination," "under color of state law" and "discriminatory actions").   Defendants are without knowledge or information sufficient to form a belief as to the truth of certain allegations, for example, "myriad actions taken against Plaintiff," "enforcement of contracts" and reference to "prospective contracts," without a description of such contracts.  Defendants deny the remaining factual allegations in this paragraph, if any.

61.    Defendants adopt and incorporate by reference the admissions and denials of the preceding paragraphs as if fully set forth verbatim.  This paragraph contains legal conclusions, to which no response is required ("conspired," "in violation of…," "including Plaintiff's Fourteenth Amendment right…" and "denied the free exercise or enjoyment of the rights….").  Defendants are without knowledge or information sufficient to form a belief as to the truth of certain allegations, for example, without limitation, reference to "intimidation or threat" of witnesses without description or specifics, including as pointed out as to prior paragraphs.   Defendants deny the remaining factual allegations in this paragraph, if any.

62.    Defendants adopt and incorporate by reference the admissions and denials of the preceding paragraphs as if fully set forth verbatim.    This paragraph contains legal conclusions, to which no response is required, for example, without limitation, "unlawful practices committed by Defendants," and "a direct cause of Plaintiff's damages."   Defendants deny the remaining factual allegations in this paragraph, if any.

63.    Defendants admit that Plaintiff and the City entered an employment agreement on or about July 20, 2018. The remainder of the paragraph contains legal conclusions, to which no response is required ("This Employment Agreement is a valid, legal and enforceable contract."). Defendants

deny the remaining factual allegations in this paragraph, if any.

64.     Defendants admit that Plaintiff and the City entered into a separation agreement on or about November 22, 2019. The remainder of this paragraph contains legal conclusions, to which no response is required ("This Employment Agreement is a valid, legal and enforceable contract."). Defendants deny the remaining factual allegations in this paragraph, if any.

65.     Defendants admit that Plaintiff and the City entered into a consulting agreement on or about November 22, 2019, the terms of which speak for themselves.   Defendants deny the remaining factual allegations in this paragraph, if any.

66.     This paragraph contains legal conclusions, to which no response is required ("has breached," "unilaterally terminating," and "the compensation due and owing").   Defendants deny the remaining factual allegations in this paragraph, if any.

67.     This paragraph contains legal conclusions, to which no response is required ("breached the Employment Agreement," "unlawfully attempting"- multiple times, "unlawfully causing Plaintiff to rely to his detriment," "Defendant…being unjustly enriched").  Defendants deny the remaining factual allegations in this paragraph, if any.

68.     This paragraph contains legal conclusions, to which no response is required ("breached the Separation Agreement," "unlawfully attempting"- multiple times, "unlawfully causing Plaintiff to rely to his detriment," "Defendant being unjustly enriched," and Defendant…breaching the termination provisions, payment provisions and non-disparagement provisions…"). Defendants deny the remaining factual allegations in this paragraph, if any.

69.     Defendants adopt and incorporate by reference the admissions and denials of the preceding paragraphs as if fully set forth verbatim.    Defendants Snyder and Rose admit that they made a written statement concerning actions of the City Council taken with respect to Plaintiff. This

paragraph contains legal conclusions, to which no response is required ("The City breached these provisions...," "multiple...defamatory statements," and "disparaging and defamatory statements.")  Defendants are without knowledge or information sufficient to form a belief as to the truth of certain allegations, for example, without limitation, that statements of Defendant Snyder were quoted in various news media, as those media reports have not been supplied or included with Plaintiff's pleadings; that Defendant Snyder "and/or" Defendant Rose were involved in publishing alleged statements, as those publications have not been supplied or included with Plaintiff's pleadings; and that the City breached contractual provisions concerning disparagement, as the date and contents of those official City actions are not supplied or identified.   Defendants deny the remaining factual allegations in this paragraph, if any.

70.    This paragraph contains legal conclusions, to which no response is required ("breaches," "direct cause").  Defendants deny the remaining factual allegations in this paragraph, if any.

71.    Defendants adopt and incorporate by reference the admissions and denials of the preceding paragraphs as if fully set forth verbatim.  This paragraph contains legal conclusions, to which no response is required ("reported a violation of law pursuant to...," "to an appropriate law enforcement authority," "was...subjected to adverse employment action by the City and members of the City Council for reporting the violation, "the City is equitably estopped," "the applicable statute of limitations is equitably tolled, from the City's having negotiated....").  Defendants are without knowledge or information sufficient to form a belief as to the truth of certain allegations, for example, without limitation, Plaintiff does not supply or describe his alleged Whistleblower "report." Defendants deny the remaining factual allegations in this paragraph, if any.

72.    Defendants adopt and incorporate by reference the admissions and denials of the preceding paragraphs as if fully set forth verbatim.    Defendants admit that the separation agreement

contained a release clause.  This paragraph contains legal conclusions, to which no response is required, for example, without limitation, "made a good faith report of a violation of law…, "was retaliated against," "his name and reputation was sullied," and "he was terminated [as a result of the "report"].  Defendants deny the remaining factual allegations in this paragraph, if any.

73.     Defendants adopt and incorporate by reference the admissions and denials of the preceding paragraphs as if fully set forth verbatim.   Defendants admit that Plaintiff seeks the relief sought. This paragraph contains legal conclusions, to which no response is required ("is and remains a valid, legal and enforceable contract under federal and Texas law," "Plaintiff Jones is legally owed and entitled," "Defendants' …actions to void, rescind and/or avoid…are void, invalid and of no legal effect."). Defendants deny the remaining factual allegations in this paragraph, if any.

74.     Defendants adopt and incorporate by reference the admissions and denials of the preceding paragraphs as if fully set forth verbatim. This paragraph contains legal conclusions, to which no response is required ("defamatory and disparaging public statements," "unrelated to their performance of duties," "willfully and intentionally interfered.")  Defendants deny the remaining factual allegations in this paragraph, if any.

75.     Defendants adopt and incorporate by reference the admissions and denials of the preceding paragraphs as if fully set forth verbatim.  This paragraph contains legal conclusions, to which no response is required ("directly and proximately caused injury," "direct cause of Plaintiff's damages").  Defendants deny the remaining factual allegations in this paragraph, if any.

76.     Defendants adopt and incorporate by reference the admissions and denials of the preceding paragraphs as if fully set forth verbatim. This paragraph contains legal conclusions, to which no response is required ("defamatory and disparaging public statements," "unrelated to their performance of duties," "willfully and intentionally interfered").    Defendants are without

knowledge or information sufficient to form a belief as to the truth of certain allegations, for example, without limitation, Plaintiff does not provide the alleged statements "that members of the community should not do business with Plaintiff…" and does not provide the alleged published "false, defamatory and disparaging statements about Plaintiff…."  Defendants deny the remaining factual allegations in this paragraph, if any.

77.     Defendants adopt and incorporate by reference the admissions and denials of the preceding paragraphs as if fully set forth verbatim.  This paragraph contains legal conclusions, to which no response is required ("directly and proximately caused injury," "direct cause of Plaintiff's damages").  Defendants deny the remaining factual allegations in this paragraph, if any.

78.     Defendants adopt and incorporate by reference the admissions and denials of the preceding paragraphs as if fully set forth verbatim.   This paragraph contains legal conclusions, to which no response is required ("defamatory and disparaging public statements about Plaintiff," "unrelated to their performance of duties…," and "intentionally inflicted emotional distress on Plaintiff.") Defendants deny the remaining factual allegations in this paragraph, if any.

79.     Defendants adopt and incorporate by reference the admissions and denials of the preceding paragraphs as if fully set forth verbatim.  This paragraph contains legal conclusions, to which no response is required ("acted intentionally in their conduct toward Plaintiff….").  Defendants deny the remaining factual allegations in this paragraph, if any.

80.     This paragraph contains legal conclusions, to which no response is required (conduct "extreme and outrageous").  Defendants deny the remaining factual allegations in this paragraph, if any.

81.     This paragraph contains legal conclusions, to which no response is required (conduct "caused severe emotional distress").  Defendants deny the remaining factual allegations in this

paragraph, if any.

82.     Defendants adopt and incorporate by reference the admissions and denials of the preceding paragraphs as if fully set forth verbatim.  This paragraph contains legal conclusions, to which no response is required ("directly and proximately caused," "a direct cause of Plaintiff's damages"). Defendants deny the remaining factual allegations in this paragraph, if any.

83.     This paragraph contains legal conclusions, to which no response is required ("unlawful conduct"- multiple times, "suffered economic damages" and "incurred actual damages"). Defendants deny the remaining factual allegations in this paragraph, if any.

84.     This paragraph contains legal conclusions, to which no response is required, as Plaintiff is merely reciting his understanding of how he can recover attorney's fees and for which phases of attorney work he can recover attorney's fees.   Defendants deny the remaining factual allegations in this paragraph, if any.

85.     Defendants admit that Plaintiff demands a trial by jury of all the issues and facts in his case. Defendants deny that Plaintiff has pleaded sufficient facts to sustain his complaint any.

## B. AFFIRMATIVE DEFENSES

Pleading further, Defendants assert the following affirmative defenses:

1.     Defendants assert the affirmative defense of sovereign or governmental immunity, and official or qualified immunity, as applicable.

2.     Defendants Snyder, Rose and Hutmacher assert the affirmative defense of legislative immunity.

3.     Defendants assert the affirmative defense of failure of consideration.

4.     Defendants assert the affirmative defense of promissory and equitable estoppel.

5.     Defendants assert the affirmative defense of fraud and unclean hands against Plaintiff.

6.      Defendants assert the affirmative defense that the statute of limitations bars all claims in this Complaint that were older than two years prior to the date upon which the Complaint was filed.

7.      Defendants assert the affirmative defense of truth.

8.      Defendants assert, as to state law claims, the provisions of Tex. Civ. Pract. Rem. Code section 101.106, which provides that Plaintiff cannot maintain tort claims both against Defendant local government entities and government officials of those entities in their individual capacities. This irrevocable election of remedies provision took effect by operation of law at Plaintiff's initial pleading and subsequent motion of Defendant City and cannot be corrected or eluded through repleading, so that Plaintiff's Texas law tort claims against individuals must be dismissed with prejudice.

9.      Defendants assert the affirmative defense that this court lacks subject matter jurisdiction over all state claims in this case because Plaintiff presents no cognizable federal claim.

10.     Defendants assert the affirmative defense that as a direct and proximate cause of Plaintiff's actions, Defendant City has suffered substantial economic harm.

11.     Defendants assert that under the allegations, read in a favorable light to Plaintiff, Defendant Hutmacher was not a cause of Plaintiff's alleged injuries and should be dismissed as a party to this complaint.

12.     Defendants assert as an affirmative defense that pursuant to Section 13.08 of the City of Hutto City Charter, "NOTICE OF CLAIM AGAINST CITY," "before the City shall be liable to damage, claim, or suit for personal injury, or damage to property, the person who is injured or whose property has been damaged …shall give the City Manager or the City Secretary notice in writing under oath within forty-five (45) days after the date of the alleged damage or injury stating

specifically…." Hutto City Charter at 32.  Plaintiffs have failed to comply with such Charter requirement, and the City should be dismissed as a party to this complaint.

13.     Defendants assert as affirmative defenses, their rights to free speech under the First Amendment to the United States Constitution and their rights to free speech under the Texas Constitution to make non-defamatory, protected statements.

### DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that all relief requested by Plaintiffs be denied, and that they recover their costs, reasonable attorney's fees, and any additional relief to which they may be entitled in law or in equity.

Respectfully submitted,

RUSSELL RODRIGUEZ HYDE BULLOCK, LLP
1633 Williams Drive, Bldg. 2, Suite 200
Georgetown, Texas 78628
512-930-1317 (ph)
866-929-1641 (fax)
ghyde@txlocalgovlaw.com
bbullock@txlocalgovlaw.com
jneedle@txlocalgovlaw.com

By: /s/ George E. Hyde
GEORGE E. HYDE
State Bar No. 45006157
BRADFORD E. BULLOCK
State Bar No. 00793423
JONATHAN W. NEEDLE
State Bar No. 14855400

**ATTORNEYS FOR CITY OF HUTTO, TEXAS, MIKE SNYDER, TANNER ROSE AND WARREN HUTMACHER**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy the foregoing pleading was served according to the Federal Rules of Civil Procedure on all parties of record in the manner specified below on the 14th day of May 2021, as follows:


Edward M. ("Ted") Smith          *via email*          tsmith@cornellsmith.com
Andrew Broadaway                            abroadaway@cornellsmith.com
CORNELL SMITH MIERL BRUTOCAO BURTON, LLP
1607 West Avenue
Austin, Texas 78701
(512) 328-1540 (Telephone)
(512) 328-1541 (Telecopy)

**ATTORNEYS FOR PLAINTIFF ODIS JONES**


                                         */s/ Jonathan W. Needle*
                                         JONATHAN W. NEEDLE