## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **ODIS JONES,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | **1:20-CV-1210-ML** |
| **CITY OF HUTTO,** | § | |
| **Defendant.** | § | |

### ORDER

Before the court is Defendant City of Hutto's ("Hutto") Response to Jones'[s] Motion to File Surreply (Dkt. #149). Hutto opposes Jones's Motion for Leave to File a Sur-Reply (Dkt. #148). Hutto's Response includes a request that the court rescind its order granting Jones's Motion (Text Order, Jul. 31, 2023). Dkt. #149.

The court declines to rescind its order granting Jones's Motion. Hutto's Response and the request to rescind contained therein were untimely. The inaccurate representation of Local Rule CV-7 notwithstanding, Hutto's Response indicates Hutto was sufficiently familiar with the Local Rules of the Western District of Texas that the court was justified in granting Jones's Motion as unopposed.

In its Response, Hutto states: "Under [L]ocal [R]ule CV-7, Hutto had fourteen days from July 19, 2023[] to file this Response to the Motion for Leave, making Hutto's response deadline Wednesday, August 2, 2023." Dkt. #149 ¶1 (emphasis removed).

The relevant Local Rule provides:

*A response to a discovery or case management motion shall be filed not later than 7 days after the filing of the motion*. A response to other motions shall be filed not later than 14 days after the filing of the motion, except as provided by Rule CV-15. *If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed*.

Local Court Rule CV-7(d)(2) (emphasis added).

1

Jones filed his Motion on July 19, 2023. Dkt. #1489 Hutto's Response was due seven days thereafter on July 26th. After that date, the court could grant the Motion as unopposed. Local Rule CV-7(d)(2). Recognizing that Jones's Motion was opposed and expecting a response to the Motion, but realizing that it was summertime, the court waited until the week after the Response was due to grant Jones's Motion, on July 31st. Text Order, Jul. 31, 2023.

As to the sur-reply, "while there is no right to file a surreply and surreplies are 'heavily disfavored,' a district court abuses its discretion when it denies a party the opportunity to file a surreply in response to a reply brief that raised new arguments and then relies solely on those new arguments it its decision. *Redhawk Holdings Corp. v. Schreiber*, 836 F. App'x 232, 235 (5th Cir. 2020) (quoting *Warrior Energy  Servs. Corp. v. ATP Titan M/V*, 551 F. App'x 749, 751 n.2 (5th Cir. 2014)). "[C]ase law makes clear that a district court abuses its discretion **only when** it both denies a party leave to file a surreply *and* relies on new materials or new arguments in the opposing party's reply brief." *Id.* (quoting *Conroy v. Vilsack*, 707 F.3d 1163, 1179 n.6 (10th Cir. 2013) (italics in original; bold added).

"At the same time, the Fifth Circuit has encouraged district courts to construe procedural rules with a 'preference toward resolving the case on the merits and avoiding any dismissal based on a technicality.'" *Edwards & Richter LLP v. Brown*, No. 2:19-CV-00118, 2019 U.S. Dist. LEXIS 230368, at *3 (S.D. Tex. 2019) (quoting *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 337 (5th Cir. 2017). Courts should weigh the interests of justice when deciding whether to permit a surreply. *Austin*, 864 F.3d at 337.

This case has been aggressively litigated, it went to trial, and a jury returned a verdict—a significant one at that. Jones's Motion, which went unopposed, represented that the Replies to Hutto's post-judgment Motions raised new arguments that warranted a sur-reply. Accordingly, the interests of justice weighed in favor of permitting Jones's sur-reply.

The request contained in Docket Entry #149 that the court rescind its order granting Jones leave to file a sur-reply is **DENIED**.


SIGNED August 9, 2023.

_____

MARK LANE
UNITED STATES MAGISTRATE JUDGE