IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ODIS JONES, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **Case No. 1:20-CV-1210-ML** |
| | § | |
| CITY OF HUTTO, | § | |
| *Defendant*. | § | |
| | § | |

---

**DEFENDANT CITY OF HUTTO'S RULE 12(h)(3) CHALLENGE TO THE
COURT'S SUBJECT MATTER JURISDICTION AND BRIEF IN SUPPORT OF
GRANTING ITS RENEWED MOTION FOR JUDGMENT
AS A MATTER OF LAW**

---

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant City of Hutto, Texas (hereinafter "Hutto"), files this Rule 12(h)(3) Challenge to

this Court's Subject Matter Jurisdiction and Brief in Support of Granting its Renewed Motion for

Judgment as a Matter of Law ("Motion in Support"), respectfully submitting to the Court the

following:

**Contract Termination At-Will Requires Dismissal of All Claims in Hutto's Favor**

Federal Rule of Civil Procedure 12(h)(3) requires this court to dismiss the entire case if the

court determines ***at any time*** that it lacks subject matter jurisdiction.[1] Defense Exhibit 7 is the

Separation Agreement between Hutto and Plaintiff (hereinafter "Jones") dated November 22,

---

[1] Fed. R. Civ. P. 12 (h)(3) Lack of Subject-Matter Jurisdiction. If the court determines at any time
that it lacks subject-matter jurisdiction, the court must dismiss the action; A court may address
subject matter jurisdiction at any time, even sua sponte. *Moxie Pest Control, L.P. v. Romney*, 2017
WL 3842345, at *2 (N.D. Tex. Mar. 8, 2017) *(citing Giannakos v. M/V Bravo Trader*, 762 F.2d
1295, 1297 (5th Cir. 1985). Unless a plaintiff has standing, a federal court lacks subject matter
jurisdiction to address the merits of the case. *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975).

2019. The Separation Agreement does not include any provision which establishes the length of time the agreement is to remain in place, typically referred to as the "Term" of the contract. Texas law entitles any party to a contract to terminate the contract at-will when the contract does not have a Term provision in the contract.[2] Moreover, Texas Local Government Code section 271.152(2) which defines a contract subject to the limited waiver of immunity and requires that contracts be in writing and state the essential terms of the agreement. Therefore, parole evidence is insufficient to challenge the lack of a term in the Separation Agreement.[3]

Jones asserted jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367, and 1391(b).[4] Jones holds the burden of proof by a preponderance of the evidence to establish the federal court's subject matter jurisdiction.[5] Article III of the United States Constitution limits federal courts' jurisdiction to "cases" and "controversies."[6] Standing, i.e. the need to show that the plaintiff has a direct, personal stake in the outcome of the suit-is an "essential and unchanging part" of this case-or-controversy requirement.[7] "The federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of [the jurisdictional] doctrines."[8] As the Supreme Court explained in *Lujan*, the "irreducible constitutional minimum of standing" has three elements:

---

[2] *Clear Lake City Water Auth. v. Clear Lake Utilities Co.*, 549 S.W.2d 385, 390 (Tex. 1977). Additionally, a contract with a local government entity must "stat[e] the essential terms of the agreement." Tex. Loc. Gov't Code § 271.151(2)(A). The duration of an agreement is an essential term. *See Oakrock Exploration Co. v. Killam*, 87 S.W.3d 685, 691 (Tex.App.-San Antonio 2002, pet. denied).
[3] Texas Local Government Code section 271.152(2).
[4] Dkt. 32.
[5] *Jackson v. Fid. Nat. Title Ins. Co.,* 2008 WL 508489, at *2 (N.D. Tex. Feb. 26, 2008) (citing *Hartford Insurance Group v. Lou-Con Inc*., 293 F.3d 908, 910 (5th Cir.2002).
[6] U.S. Const. art. III § 2.
[7] *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130 (1992).
[8] *United States v. Hays*, 515 U.S. 737, 742, 115 S. Ct. 2431, 132 L.Ed.2d 635 (1995) (*quoting FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 230-231, 110 S. Ct. 596, 107 L.Ed.2d 603 (1990)) (internal

1) First, the plaintiff[s] must have suffered an "injury in fact"-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'
2) Second, there must be a causal connection between the injury and the conduct complained of-the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court."
3) Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." 504 U.S. at 560 (internal citations and footnote omitted).[9]

Lack of standing is a defect in subject matter jurisdiction. *See Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987) (*citing Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S. Ct. 1326, 89 L. Ed. 2d 501 (1986)); *see also* 883 F.2d at 348 ("standing is essential to the exercise of jurisdiction, and ... lack of standing can be raised at any time by a party or by the court.") (*citing United States v. One 18th Century Colombian Monstrance*, 797 F.2d 1370, 1374 (5th Cir.1986), cert. denied, 481 U.S. 1014, 107 S. Ct. 1889, 95 L.Ed.2d 496 (1987)).

To succeed on a § 1981 claim, Jones needed to show that "(1) his race is "Black", which is a protected class; (2) that but for his protected class Hutto would not have terminated the Separation Agreement; and (3) the discrimination concerned one or more of the activities enumerated in the statute – which was the "the right to make and enforce contracts".[10]

Because the Separation Agreement was a contract that could be terminated "at-will", the City Council's treatment of it did not impair any right to make and enforce contracts because the

---

quotation marks omitted); *see also Sommers Drug Stores Co. Employee Profit Sharing Tr. v. Corrigan*, 883 F.2d 345, 348 (5th Cir. 1989) (" 'Standing, since it goes to the very power of the court to act, must exist at all stages of the proceeding, and not merely when the action is initiated or during an initial appeal.' ") (*quoting Safir v. Dole*, 718 F.2d 475, 481 (D.C. Cir. 1983), cert. denied, 476 U.S. 1206 (1984)); *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (noting that "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking.").

[9] *Jackson*, 2008 WL 508489, at *2.

[10] *See Abdallah v. Mesa Air Group, Inc.*, 79 F.4th 420, 428 (5th Cir. 2023); 42 U.S.C. § 1981.

contract may legally be terminated at any time. The lack of the third requirement reveals that Jones has "no invasion of a legally protected interest". The lack of the third requirement reveals that there is no "causal connection between the [alleged] injury and the conduct complained of…" Hutto's passage of the resolution is not traceable to any injury claimed by Jones. The lack of the third requirement makes any chance of "redress[] by a favorable decision" a nullity. Jones does not have standing and the case must be dismissed.

Moreover, Hutto notes that neither party has treated the Separation Agreement void. The city did not take the offensive and counterclaim for the $413,000 dollars paid under the agreement. Jones did not return any of the consideration paid by the city to the city. The Separation Agreement was only treated as terminated, which Hutto had the legal right to do.

The December 3, 2020, resolution rescinding or cancelling the contract cannot be a breach as a matter of law, it is merely a termination of an at-will contract as permitted by law. It cannot be considered any form of contractual impairment to support a Section 1981 claim because Jones did not hold any contractual right to the continuation of the contract as a matter of law. There is no breach of contract by any act of the City Council. There is no discriminatory contractual impairment by any act of the City Council. There is no legal basis for this case.

Jones lacks the standing necessary to maintain subject matter jurisdiction because the actions complained of, the evidence, and the testimony taken, do not establish even an allegation of a violation of law, requiring this case be dismissed in favor of Hutto, as a matter of law.

> Simply stated, if the defense merely files a Rule 12(b)(1) motion, the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true. If those jurisdictional allegations are sufficient the complaint stands. If a defendant makes a "factual attack" upon the court's subject matter jurisdiction over the lawsuit, the defendant submits affidavits, testimony, or other evidentiary materials. In the latter case a plaintiff is also required to submit facts through some evidentiary method and has the burden of

proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction.[11]

…[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S. Ct. 1563, 143 L.Ed.2d 760. …[I]n some instances, if subject-matter jurisdiction turns on contested facts, the trial judge may be authorized to review the evidence and resolve the dispute on her own. …[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the complaint must be dismissed in its entirety. Thus, the trial court below dismissed, along with the Title VII claim, pendent state-law claims *fully tried by a jury and determined on the merits*. …[12]

Section 1981 ensures that all persons in the United States have the same right to make and enforce contracts and prevents impairment of those rights by government and non-government actors.[13] *Jones has failed to plead or prove that the City Council performed some act which interfered with a vested contractual property interest*. Because both Jones and Hutto held the same right to cancel the contract at any time, the resolution did not cause "interference" in any vested contractual right held by Jones.[14] There is no act by the City Council that interfered with a vested contractual property interest.

Finally, the parties to the Separation Agreement are Hutto and Jones, no one else. There is no disparagement evidence attributable to the Hutto City Council. No other disparaging evidence is relevant. No motion, resolution, or ordinance of the City Council authorizing or directing, or supporting disparagement exists. There is no evidence of a custom, practice or policy held by Hutto to disparage Jones. Respondeat superior does not apply. The claims must be dismissed.

---

[11] *Paterson v. Weinberger,* 644 F.2d 521, 523 (5th Cir. 1981).
[12] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501–02, 126 S. Ct. 1235, 1237, 163 L. Ed. 2d 1097 (2006).
[13] *See* 42 U.S.C. § 1981.
[14] *See Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 751 (5th Cir. 2001).

**There Was No Breach of Contract and Jones Fails To Demonstrate Standing**

The termination of the contract at-will does not constitute a breach of contract and does not constitute interference of his ability to contract as the termination is permissible as a matter of law. Jones cannot allege an injury in fact, based on any act of the Hutto City Council because the contract termination was permissible as a matter of law. Without the termination being the basis for the breach of contract, which forms the basis for the section 1981 claim, it follows there are no related damages which flow from the *permissible* act. The evidence was not legally sufficient to support the jury's verdict on the breach of contract and Section 1981 claims. Additionally, because there was no case or controversy, Jones failed to demonstrate standing.

In order to establish a case or controversy, Jones must "show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[15][16] The contract was subject to termination at any time. This Court lacks subject matter jurisdiction because the substantial controversy, is now shown to be improperly asserted by Jones because he held no contractual or constitutional right preventing Hutto from cancelling the Separation Agreement, for any reason or no reason, and there is no competent trial evidence or testimony otherwise.

---

[15]*Vantage Trailers, Inc. v. Beall Corporation,* 567 F.3d 745, 748 (5th Cir. 2009) (*quoting MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)); *WFG Nat'l Title Ins. Co. v. Peniel Holdings, LLC*, 2016 WL 7117252, at *2 (N.D. Tex. Dec. 6, 2016).

[16] There is no subject matter jurisdiction to support the Texas Uniform Declaratory Judgment Act claim (and related fee claim) because the Federal Courts have held under Erie principals that the Texas Act is procedural and thus not applicable in federal court. *Bloss v. Moore*, 269 Fed. Appx. 446, 448 (5th Cir. 2008). Hutto is immune from the state law. *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618 (Tex. 2011).

**Jones Fails to Establish a Policy Whose Moving Force Violated His Constitutional Rights, as Required by *Monell***

Jones failed to offer legally sufficient evidence to show municipal liability under *Monell v. Department of Social Services of New York*. This failure implicates both this Court's subject matter jurisdiction and the merits of the underlying dispute. "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N. Y. State v. Oneida Cnty., New York*, 414 U.S. 661, 666, 94 S. Ct. 772, 39 L. Ed. 2d 73 (1974)). This Court lacks jurisdiction, and Jones' Section 1981 claim should be dismissed, because the evidence in support of this claim was so insubstantial.

The testimony and evidence, taken in the light most favorable to the Jones, fatally uses only stray remarks and social media posts by Snyder to support a jury verdict that the entire City Council terminated the contract because of Jones' race. *Jenkins v. City of Dallas*[17] provides the proper standards applicable to finding municipal liability under *Monell v. Department of Social Services of New York*, which Jones failed to establish:

> "A municipality is a 'person' subject to suit under § 1983 under certain circumstances." *Linicomn v. City of Dall.*, 2015 WL 5664265, at *2 (N.D. Tex. Sept. 25, 2015) (*citing Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978)). More specifically, "municipal liability under [§] 1983 requires proof of three elements: a policymaker; an official policy [or custom]; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001). For that reason, "the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Id.* (internal footnote omitted). In other words, respondeat superior liability will not do—a municipality

---

[17] *Jenkins v. City of Dallas,* 2022 WL 6225559, at *4–5 (N.D. Tex. Oct. 6, 2022).

==may be held liable only if a constitutional right was deprived under the guise of an official policy or custom.== *See Linicomn*, 2015 WL 5664265, at *2.

First, whether a city official is a policymaker is a question of state law to be determined by the Court. *City of St. Louis v. Praprotnik,* 485 U.S. 112, 124 (1988). "State law, including valid local ordinances and regulations, 'will always direct a court to some official or body that has the responsibility for making law or setting policy in any given area of a local government's business.' " *Dall. Police Ass'n v. City of Dall.*, 2004 WL 2331610, at *4 (N.D. Tex. Oct. 15, 2004) (*citing Praprotnik*, 485 U.S. at 125). ==The Fifth Circuit has held that under Texas law, the final policymaker for the city of Dallas is the Dallas City Council.== *Groden v. City of Dall.,* 826 F.3d 280, 286 (5th Cir. 2016); Bolton v. City of Dall., Tex., 541 F.3d 545, 550 (5th Cir. 2008) (consulting the Texas Government Code to determine the policymaker for Texas cities). ==Thus, to survive a motion to dismiss, Jenkins must plead facts which establish that the challenged policy was promulgated or ratified by Dallas City Council.==

As a matter of state law, the final policymaker for the City of Hutto is the Hutto City Council. Hutto is a home-rule municipality, whose form of government is determined by its City Charter.[18] Under the Hutto City Charter, "all powers of the City shall be vested in the City Council."[19] The sole relevant action "promulgated or ratified" by the City Council was the Resolution.[20]

*Jenkins* continues:

Next, to plead a municipal liability claim, a plaintiff must demonstrate that "the allegedly unconstitutional action constitutes a 'custom or policy' of the municipality." *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 168 (5th Cir. 2010). There are two kinds of "official policies" in the § 1983 context: (1) "a policy statement formally announced by an official policymaker," or (2) a "persistent widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Zarnow*, 614 F.3d at 168–69 (*quoting Webster v. City of Hous.*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)).

To plead that a custom or policy exists, a plaintiff must show either "a pattern of unconstitutional conduct . . . on the part of municipal actors or employees" or that

---

[18] Trial Tr. Vol. 1, 129:13; Hutto Ex. 1, § 1.01; Tex. Const. art. XI, § 5.
[19] Hutto Ex. 1, § 3.07.
[20] Plaintiff Ex. 11, 3-4.

"a final policymaker took a single unconstitutional action." Id. at 169 (emphasis omitted). But just alleging that a policy exists will not do—"[t]he description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts." *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997).

The City argues that Jenkins's Complaint "fails to reference or even allude to" any policy or custom among city officials. Doc. 10, Mot. 6–7. Jenkins argues that the Complaint has alleged a policy or custom. See Doc. 13, Resp. 9. Jenkins alleges that: (1) "[t]he City did not process the grievances to a conclusion or notify Jenkins of any alleged conclusion"; (2) "the City will frequently not respond or fully process employee grievances"; (3) "the City of Dallas allowed Mr. Curry to be on the interview panel despite the fact that Jenkins had previously filed written grievances against Mr. Curry"; and (4) "Curry was allowed to be on the interview panel despite the fact that Jenkins had previously notified the City that Curry had threatened Jenkins that he would make sure Jenkins never advanced within the City and that he would do what he could to make sure Jenkins was fired." Doc. 1, Compl. ¶¶ 24, 25, 36, 37. Jenkins's Response also alleges that "the underlying and systemic problem is the City of Dallas' wholesale failure to have training, procedures, and systems in place to fully respond to grievances alleging race discrimination and to have training, procedures, and systems in place to prevent discrimination and retaliation in the promotional interview process." Doc. 13, Resp. 10.

Jenkins's Complaint fails to allege facts that create a reasonable inference of a "policy statement" or a "persistent widespread practice" promulgated or ratified by the Dallas City Council. Jenkins only pleads isolated incidents confined solely to his personal experience. Jenkins does not explain the City's grievance policy or how the processing of his grievances "felt, and [was] futile." See Doc. 1, Compl. ¶ 24. The Court cannot conclude that the City did "not respond to or fully process" Jenkins's grievances without any details of the City's actions regarding the grievance. *See id*.

There is no evidence which shows "…unconstitutional conduct directly attributable to the municipality through official action…." If anything, the record only includes evidence and testimony of isolated actions and stray remarks, all of which are independent from the alleged discriminatory decision, which cannot trigger municipal liability. The question is, other than approving a resolution which terminated a contract that was terminable at the will of either party

and any time, there is no other City Council official act in the record, preventing liability as a matter of law.[21]

The City Council's Resolution is also insufficient to show municipal liability. Jones had the burden to show either that the Resolution itself violated federal law or Hutto "intentionally deprived a plaintiff of a federally protected right."[22] There was absolutely no evidence presented that terminating the at-will Separation Agreement violated federal law. Similarly, no evidence was presented that the *City Council* intentionally deprived Jones of a federally protected right by passing the Resolution. The four corners of the Resolution contain no hint of racial animus. Jones' attempt to impute the alleged and insufficiently supported animus of two councilmembers to the rest of the City Council fails for insubstantial evidence and as a whole fails as a matter of law, as discussed below.

*City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988) states that, for liability to attach, a policymaker must not only implement the bad actor's recommendation but also "the basis for it."[23] There was no evidence presented at trial that a majority of the City Council adopted the basis for any allegedly racially discriminatory policy. The undisputed evidence is that the City Council was entirely innocent of any racial animus and liability cannot attach under *Monell*.

When applying these standards to the proof offered by Jones, this case fails for lack of evidence necessary to establish municipal liability as a matter of law. This court has no subject matter jurisdiction and must dismiss the entire action.

**The "Cat's Paw" Doctrine is Inapplicable to Section 1981 Claims**

---

[21] *See id.*
[22] *Bd. of Cnty. Com'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404–05 (1997).
[23] *Id.* at 127.

In his response, Jones asserts that the cat's paw doctrine can be used to make up for his failure to present evidence of racial bias on the part of the Hutto City Council.[24] The cat's paw doctrine is a theory of causation used within the context of respondeat superior in certain employment discrimination claims such as those brought pursuant to Title VII of the Civil Rights Act of 1964 and the Uniformed Services Employment and Reemployment Rights Act of 1994.[25] Under the doctrine, an employer can be held liable where an individual with retaliatory or discriminatory animus influences a decisionmaker who did not know of the protected conduct or animus.[26]

The method of establishing causation in a section 1981 claim is the "ancient and simple 'but for' common law causation test".[27] As discussed above, Jones must prove the policymaker – a six member council – voted to rescind or cancel the Separation Agreement because of racial animus. That is, Jones had the burden to show that four of the six who voted "yes" on the Resolution did so because of Jones' race. Absent this showing, race cannot have been the "but for" cause of the Resolution. Jones failed to carry this burden.

Cat's paw is a *respondeat superior* doctrine, allowing racial animus of a subordinate to be imputed to a final policymaker. In *Monell*, the Supreme Court explicitly held that *respondeat superior* does not apply to municipalities.[28] The final policymaker, four votes of the City Council, must not only implement a bad actor's recommendations, but also the *basis* for the recommendation.

---

[24] Pl.'s Resp. at 14.
[25] *See Staub v. Proctor Hosp.*, 562 U.S. 411, 417, 131 S. Ct. 1186, 1191, 179 L. Ed. 2d 144 (2011).
[26] *Id.*
[27] *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1014 (2020).
[28] *Monell*, 433 U.S. at 692.

Jones has not presented evidence of any member of the City Council attempting to influence any other member of the Council. In fact, the only evidence of any influence placed upon the Councilmembers was the influence of the City Attorney, where she advised that for legal reasons, the contract was not valid.[29]There is no evidence that the City Attorney's legal advice was motivated by any illegal influence.

The jury verdict regarding illegal section 1981 conduct, in its entirety, must be set aside and a finding in favor of Hutto, because there is no evidence of a discriminatory act by the Hutto City Council as a matter of law.

Additionally, the cat's paw theory of liability does not apply to a claim pursuant to Section 1981. In his explanation of the doctrine, Jones ostensibly concedes that the Fifth Circuit followed the majority rule standard in *Griggs v. Chickasaw*.[30] Jones then states that, "[t]he next step is determining whether liability has been established through the 'cat's paw' theory."[31] However, Jones does not cite any authority for this assertion and incorrectly tacks on a method of establishing causation pursuant to Title VII to his section 1981 claim that is not only unsupported *but discouraged* in the Fifth Circuit.

While the cat's paw theory may be sufficient to establish causation for the less rigorous standards of Title VII claims, the Fifth Circuit has discouraged its application to claims in which the "but for" test applies. In 2016, even before the causation shift to "but for" in 2020 for section 1982 claims, the Fifth Circuit wrote "[w]e have 'expressed uncertainty about the continued

---

[29] See Trial Tr. Vol. 3, 181-82; Trial Tr. Vol. 3, 163.
[30] Pl.'s Resp. at 14 citing *Griggs v. Chickasaw Cnty., Mississippi*, 930 F.3d 696 (5th Cir. 2019) (where a public employee asserts a § 1983 First Amendment retaliation claim against a municipal board and the evidence of retaliatory animus relates to individual members, proof that a majority of the board members had the requisite motive is required to impute the retaliatory animus to the board in order to establish municipal liability).
[31] *Id.*

viability of cat's paw analysis' in certain employment claims now subject to a heightened but-for standard of causation . . . ."[32] Now that the U.S. Supreme Court adopted the but-for causation test for section 1981 claims in 2020, this court can confidently rule in favor of Hutto.

After an exhaustive search, undersigned counsel was unable to find a single case, reported or unreported, in the Westlaw database searching all of the United States federal court common law where a court allowed the application of the cat's paw analysis to support liability in a section 1981 claim in the Fifth Circuit since the *Bias* decision (2016). Further, due to the 2020 U.S. Supreme Court's decision in *Comcast*, which shifted the causation burden from the less strenuous standard for Title VII claims to the heightened but-for standard of causation for section 1981 claims, any case law prior to 2020 which may show favor to the applicability of the cat's paw analysis should be set aside as distinguished.

The cat's paw cases Jones cites do not apply the theory to section 1981 claims. *Melvin v. Carr Roofing Co.* applied the theory in the context of the burden-shifting framework used to establish claims of unlawful retaliation under Title VII.[33] *Zamora v. City of Houston* also related to Title VII retaliation.[34] *Lott v. Kenedy Independent School Dist.* is an unreported case that used the cat's paw test to impute discriminatory animus from one board member to the rest of the board in the context of a racial discrimination claim under Title VII.[35] Although *Lott* involved a section 1981 claim, the court did not apply the cat's paw analysis to that portion of the opinion.[36] Thus, they must be distinguished or rejected by this Court.

---

[32] *U.S. ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 323 n.3 (5th Cir. 2016) (distinguishing *Zamora v. City Of Houston,* 798 F.3d 326 (5th Cir. 2015)).
[33] 806 Fed. Appx. 301 (5th Cir. 2020).
[34] 798 F.3d 326 (5th Cir. 2015).
[35] No. CIVASA-08-CV-935-XR, 2010 WL 1544503 (W.D. Tex. Apr. 16, 2010).
[36] *Id.* at 5.

This Court should dismiss Jones' Section 1981 claim because (1) the evidence was legally insufficient to show the cat's paw doctrine applies; (2) the evidence was so insubstantial that this Court does not have subject matter jurisdiction; and (3) as a matter of law, the cat's paw doctrine does not apply.

**5th Circuit Follows the Majority-Motivation Approach of Other Circuit Courts**

To the extent that the Fifth Circuit has spoken on the sufficiency of evidence to show animus-based decisions of a multi-person decision-making body, that the "majority-motivation approach" which was previously argued in summary judgment proceedings, is the controlling legal authority in this circuit. Jones cannot prove causation under the majority-minority approach. In *Griggs v. Chickasaw County, Miss.*[37], citing *Howell v. Town of Ball*[38], the Fifth Circuit wrote:

> While there was evidence of retaliatory animus by individual board members, 'the dispositive question is simply whether retaliatory animus is also chargeable to the Board itself.' Where the evidence relates to individual members of a board, other circuits require proof that a majority of the multimember body had the requisite motive ("the majority-motivation approach") to impute the retaliatory animus to the board. We agree that Griggs was required to show that a majority of the Board had retaliatory animus.

And in *Harville v. City of Houston, Miss.*[39] the 5th Circuit again followed the majority-motivation approach. In *Harville*, the plaintiff was terminated from her position as deputy clerk with the City of Houston and filed suit alleging racial discrimination under Title VII and 42 U.S.C. § 1981. The Fifth Circuit again applied the majority motivation approach and reasoned that "The Board made the termination decision after a unanimous vote by the five members. Plaintiff did not present evidence that any racial animus by one Alderwoman motivated the other members of the Board." The court then found "there to be insufficient evidence to prove that "a majority of the

---

[37] 930 F.3d 696 (5th Cir. 2019).
[38] 827 F.3d 515, 527 (5th Cir. 2016).
[39] 945 F.3d 870 (5th Cir 2019).

board had [the requisite] animus."[40] As discussed above, Jones only debatably presented evidence of racial animus of two City Council members, not a majority of the City Council. As a matter of law, this insubstantial evidence was insufficient to show causation for his Section 1981 claim.

**No Subject Matter Jurisdiction Exists for Jones' Breach of Contract Claim**

Governmental immunity from suit defeats a trial court's jurisdiction.[41] This Court lacks subject matter jurisdiction over Jones' termination of an at-will contract as a breach of contract claim, and the claim should be dismissed, because Hutto is immune from suit for its governmental functions and firing Jones was the exercise of a governmental function.

A city is immune from suit, and this Cour lacks jurisdiction, for breach of contract claims related to its governmental functions.[42] "Governmental functions under the common law are those that involve the performance of purely governmental matters solely for the public benefit, are normally performed by governmental units, and are performed as a branch of the state—such as when a city exercises powers conferred on it for purposes essentially public pertaining to the administration of general laws made to enforce the general policy of the state."[43]

As a matter of law, the hiring and firing of City employees is clearly a governmental function.[44] The Separation Agreement clearly states that it relates to the firing of Odis Jones: "Jones will separate from employment with Hutto on December 31, 2019.[45] Accordingly, Jones' suit for breach of the Separation Agreement relates to a governmental function and is barred by governmental immunity. This Court should dismiss the breach of contract claim.

---

[40] *Id.*
[41] *Morgan v. Plano Indep. Sch. Dist.*, 724 F.3d 579, 582 (5th Cir. 2013).
[42] *See Wasson Interests, Ltd. v. City of Jacksonville*, 489 S.W.3d 427, 437 (Tex. 2016).
[43] *See City of League City v. Jimmy Changas, Inc.*, 670 S.W.3d 494, 499 (Tex. 2023).
[44] *See City of LaPorte v. Barfield*, 898 S.W.2d 288, 291 (Tex. 1995).
[45] Hutto Ex. 7.

**Texas Local Government Code Section 271.153 Immunity Bars Contract Damages**

Hutto is immune from the damages awarded Jones for terminating the at-will contract by the application of Texas Local Government Code Section 271.153. This Court lacks jurisdiction to award these damages and the damage award should be vacated. Chapter 271 of the Texas Local Government Code waives governmental immunity for _certain_ breach of contract claims against local government entities. However, governmental immunity is not waived for damages that are not recoverable pursuant to Section 271.153.[46]

Section 271.152 states,

(a) Except as provided by Subsection (c), the total amount of money awarded in an adjudication brought against a local governmental entity for breach of a contract subject to this subchapter is limited to the following:

(1) the balance due and owed by the local governmental entity under the contract as it may have been amended, including any amount owed as compensation for the increased cost to perform the work as a direct result of owner-caused delays or acceleration;

(2) the amount owed for change orders or additional work the contractor is directed to perform by a local governmental entity in connection with the contract;

(3) reasonable and necessary attorney's fees that are equitable and just; and

(4) interest as allowed by law, including interest as calculated under Chapter 2251, Government Code.

(b) Damages awarded in an adjudication brought against a local governmental entity arising under a contract subject to this subchapter may not include:

(1) consequential damages, except as expressly allowed under Subsection (a)(1);

(2) exemplary damages; or

(3) damages for unabsorbed home office overhead.[47]

---

[46] _Zachry Const. Corp. v. Port of Houston Auth. of Harris Cnty._, 449 S.W.3d 98, 108 (Tex. 2014).
[47] Tex. Loc. Gov't Code § 271.153.

The jury and this Court awarded Jones $4,500,000 in damages for breach of contract.[48] These damages are not contemplated pursuant to Section 271.153 and this Court lacks the jurisdiction to award them.

The undisputed evidence shows that the amount due and owing under the Separation Agreement is $0.[49] The Separation Agreement states that Hutto agreed to pay Jones $412,000.00.[50] The parties stipulated and the jury was instructed that Hutto paid Jones the full $412,000.[51] Similarly, the $4,500,000 cannot represent interest[52] because interest only applies to overdue payments[53] and it is indisputable that there are no overdue payments. There was also no evidence of owner-caused delays or acceleration or change orders or additional work.[54]

Attorney's fees are not recoverable. The only evidence presented was Jones' testimony that his fees were "probably north of a half million dollars."[55] This evidence is legally insufficient to support a jury award of $4,500,000. Additionally, no evidence was presented of any of the *Perry Equipment Corp.* factors that are necessary to prove attorney's fees under Texas law.[56]

---

[48] Dkt 127 & 127.

[49] Tex. Local Gov. Code § 271.153(a)(1).

[50] Hutto Ex. 7.

[51] Dkt. 112.

[52] Tex. Local Gov't Code § 271.153(a)(4).

[53] *See* Tex. Gov't Code Ann. § 2251.025.

[54] Tex. Local Gov't Code § 271.153(a)(2).

[55] Trial Tr. Vol. 2, 17:17.

[56] *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997) ("(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood ... that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.").

Because Section 271.153 expressly limits any award for an actual breach of contract to four categories. There is no evidence that the jury's award represents three of these categories and the evidence is legally insufficient to support an award of attorney's fees. Governmental immunity is not waived, this Court lacks subject matter jurisdiction, and the verdict should be vacated.

Immunity deprives the court of subject matter jurisdiction and can be raised at any time.

## CONCLUSION

**The simplest things are overlooked. And yet, it is the simplest things that are the most essential**. — *Thomas Lloyd Qualls, Painted Oxen*

Jones never had a viable claim in this case. It is frustrating that it took a trial to bring the truth to the surface but now we all know. The United States is a country where the Rule of Law is above all else. The Rule of Law requires this case to be dismissed for lack of subject matter jurisdiction.

As a matter of law, Jones must have presented evidence which meets the legal standard of sufficiency to support a verdict proving the City Council:

1) breached the Separation Agreement, *by conduct directly attributable to the municipality through official action*.

2) the City Council committed a violation of 42 U.S.C. § 1981 *by conduct directly attributable to the municipality through official action.*

There is no such evidence, requiring dismissal by granting Hutto's Motion for judgment as a matter of law.

A contract without a term is a contract which can be terminated at any time for any reason or no reason. The conduct complained of is not a breach of contract as a matter of law. Because the contract was terminable at will, the termination of the contract did not interfere with, or deprive

Jones of any statutory right to equal treatment. This case must be dismissed for lack of subject matter jurisdiction.

Respondeat Superior does not apply to Jones' discrimination claim. Jones presented no evidence meeting the "but for" standard of liability applicable, no evidence meeting the *Monell* test required to find municipal liability, nor any evidence his protected class was a factor in any conduct by the City Council. Any application of the cat's paw theory is improper, and there is no evidence that Snyder or Jones influenced any of the City Council members who voted on the resolution, making the majority approve the resolution regardless of how Snyder or Jones voted. Therefore, in addition to the relief sought in Hutto's Motion for Judgment as a Matter of Law, it seeks the relief sought herein, and that the entire case be dismissed for lack of subject matter jurisdiction, and for the many reasons in our Motion for judgment as a matter of law because the Rule of Law demands it.

[The rest of this page was left blank intentionally.]

## PRAYER

WHEREFORE PREMISES CONSIDERED, Defendant respectfully requests that this Court grant its Renewed Motion for Judgment as a Matter of Law and for such further relief, in law or equity, to which Defendant has shown itself to be justly entitled.

Dated: October 2, 2023

Respectfully submitted,

**HYDE KELLEY LLP**
2806 Flintrock Trace, Suite A104
Austin, TX 78738
ghyde@txlocalgovlaw.com
512.686.0700 Office
866.929.1641 Fax

By: */s/ George E. Hyde*
GEORGE E. HYDE
State Bar No. 45006157

**ATTORNEYS FOR DEFENDANT CITY OF HUTTO, TEXAS**

## <u>CERTIFICATE OF SERVICE</u>

The foregoing document is served on all parties by filing it with the Court's electronic-filing system in accordance with the Federal Rules of Civil Procedure.


*/s/ George E. Hyde*
GEORGE E. HYDE