# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| ODIS JONES, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | |
| | § | **CASE NO. 1:20-CV-1210-ML** |
| CITY OF HUTTO | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

## PLAINTIFF'S MOTION FOR REASONABLE ATTORNEYS' FEES AND EXPENSES

Edward M. "Ted" Smith
  State Bar No. 00791682
  tsmith@cornellsmith.com
Andrew Broadaway
  State Bar No. 24082332
  abroadaway@cornellsmith.com
CORNELL SMITH MIERL BRUTOCAO BURTON, LLP
1607 West Avenue
Austin, Texas 78701
Telephone: (512) 328-1540
Facsimile:  (512) 328-1541

Jay D. Ellwanger
  State Bar No. 24036522
  jellwanger@equalrights.law
Holt M. Lackey
  State Bar No. 24047763
  holt@holtmajorlackey.com
Ellwanger Law LLLP
8310-1 N. Capital of Texas Hwy., Ste. 190
Austin, Texas 78731
Telephone: 737-808-2260

Douglas W. Alexander
  State Bar No. 00992350
  dalexander@adjtlaw.com
Marcy Hogan Greer
  State Bar No. 08417650
  mgreer@adjtlaw.com
ALEXANDER DUBOSE & JEFFERSON LLP
515 Congress Avenue, Suite 2350
Austin, Texas 78701-3562
Telephone: (512) 482-9300
Facsimile:  (512) 482-9303

Kirsten M. Castañeda
  State Bar No. 00792401
  kcastaneda@adjtlaw.com
ALEXANDER DUBOSE & JEFFERSON LLP
8144 Walnut Hill Lane, Suite 1000
Dallas, Texas 75231-4388
Telephone: (214) 369-2358
Facsimile:  (214) 369-2359

## COUNSEL FOR PLAINTIFF ODIS JONES

# TABLE OF CONTENTS

**Page**

I.      BACKGROUND ................................................................................................................ 1

II.     GOVERNING LAW ........................................................................................................ 2

III.    CALCULATION OF ATTORNEYS' FEES .................................................................. 4

       A.      BACKGROUND OF THE REPRESENTATION AND TIMEKEEPERS ........................... 4

       B.      THE HOURS REASONABLY EXPENDED ...................................................... 6

       C.      THE REASONABLE HOURLY RATES ....................................................... 12

       D.      THE LODESTAR FEE ............................................................................. 14

       E.      THE *JOHNSON* FACTORS .......................................................................... 15

IV.    THE PREVAILING PLAINTIFFS' COSTS ................................................................ 16

V.     POST-JUDGMENT INTEREST ON THE AWARD OF FEES AND EXPENSES ......................... 17

VI.    CONCLUSION................................................................................................................ 17

CERTIFICATE OF CONFERENCE ................................................................................... 20

CERTIFICATE OF SERVICE................................................................................................ 21

Pursuant to 42 U.S.C. § 1988, FED. R. CIV. P. 54, Local Rule CV-54, the March 2, 2023 jury verdict in favor of Odis Jones (Dkt. 124), the March 21, 2023 Final Judgment (Dkt. 127), and the Court's January 11, 2024, Memorandum and Order (Dkt. 163), the last of which, *inter alia* ordered Plaintiff to submit a motion for attorney's fees, Plaintiff as the prevailing party moves for an award of reasonable attorney's fees and expenses (including the costs that are recoverable under 28 U.S.C. §1920 on a bill of costs) incurred in the successful pursuit of his action.

## I. <u>Background</u>

On March 2, 2023, the jury reached a unanimous verdict and found that Defendant City of Hutto was liable to Plaintiff Jones for Racial Discrimination under 42 U.S.C. § 1981 in an amount of $8,000,000 and for Breach of Contract in an amount of $4,500,000. Dkt. 124.

On March 21, 2023, the Court entered a final judgment pursuant to Federal Rule of Civil Procedure Rule 58. Dkt. 127. The Court found that based on the jury's verdict, Plaintiff Jones was entitled to recover $8,000,000 in compensatory damages for Defendant Hutto's violation of 42 U.S.C. § 1981 and $4,500,000 for Defendant Hutto's breach of contract. *Id.*

On January 11, 2023, the Court entered a Memorandum and Order (Dkt. 163) partially denying and partially granting Defendant's Rule 50(b) Renewed Motion for Judgment as a Matter of Law, and in the Alternative, Rule 59 Motion for a New Trial ("JMOL Motion") (Dkt. 133), Rule 59 Motion for New Trial ("Rule 59 Motion") (Dkt. 134), and Motion to Dismiss for Lack of Subject Matter Jurisdiction ("MTD") (Dkt.156). In that Memorandum and Order, the Court denied the JMOL Motion and MTD. Dkt. 163. With regard to the Rule 59 Motion, the Court denied Defendant's request for a new trial on liability but partially granted Defendant's request for remittitur by ordering Plaintiff Jones to remit the $4.5 Million breach of contract award and $500,000 of the damages awarded for the 42 U.S.C. § 1981 claim, which $500,000 represented the portion of the jury's damage calculations attributable to trial testimony about attorneys' fees. *Id.* The Court ordered that, if the remittitur was

accepted, Plaintiff Jones was to file a motion for award of attorney's fees pursuant to Federal Rule of Civil Procedure 54. *Id.*

On January 21, 2024, Plaintiff accepted the remittitur. Dkt. 164. Accordingly, Plaintiff now files this Motion for Reasonable Fees and Expenses.

## II.  <u>Governing Law</u>

Congress enacted 42 U.S.C. § 1988 to authorize district courts to award "a reasonable attorney's fee as part of the costs" to prevailing plaintiffs "[i]n any action or proceeding to enforce a provision of sections 1981 [or] 1983" of Title 42. Congress enacted this statute, which overrides the general rule that each party must pay its own attorney's fees, "in order to ensure that federal rights are adequately enforced." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010). This case, which was brought to enforce section 1981 through section 1983, falls within section 1988's provision for the award of attorney's fees to the prevailing plaintiff.

The jury unanimously found that Defendant Hutto violated Plaintiff Jones's rights under 42 U.S.C. § 1981, and awarded him $8,000,000 in compensatory damages for that violation. Dkt. 124. Mr. Jones is certainly "the prevailing party" within the meaning of 42 U.S.C. § 1988.

In calculating reasonable attorney fees, the Fifth Circuit applies a two-step analysis. *Combs v. City of Huntington*, 829 F.3d 388, 391-2 (5th Cir. 2016)). First, the court must calculate the lodestar which is "the reasonable hours expended multiplied by a reasonable rate." *Id*. at 394. Second, the court should determine whether there are special circumstances, commonly referred to as the *Johnson* factors, that suggest an increase or decrease of the lodestar. *Id*. at 395; *see also Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974), overruled on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989). However, the *Johnson* factors are considered only in light of the "strong presumption that the lodestar represents a sufficient fee" and "enhancements must necessarily be rare." *Combs*, 829 F.3d at 395. Further, the court must provide "a reasonably

specific explanation for all aspects of a fee determination." *Jimenez v. Wood Cnty., Tex.*, 621 F.3d 372, 380 (5th Cir. 2010), on reh'g en banc, 660 F.3d 841 (5th Cir. 2011) (citing *Perdue*, 559 U.S. at 558).

The Supreme Court has established a "'strong presumption'" that the lodestar—the product of multiplying hours reasonably expended by a reasonable hourly rate—represents "the reasonable fee" for prevailing parties, which is to say a fee that "*roughly* approximates" what an attorney would have received if representing a client who paid by the hour. *Perdue*, 559 U.S. at 551-54 (emphasis in original). "[A] 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case" and … "the lodestar method yields a fee that is presumptively sufficient to achieve this objective." *Combs*, 829 F.3d at 392–93 (quoting *Perdue*, 559 U.S. at 552). Reasonable hourly rates "are to be calculated according to the prevailing market rates in the relevant community." *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 380-81 (5th Cir. 2011) (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)).

"Though the lodestar is presumed reasonable, … the court may enhance or decrease it based on the … *Johnson* factors." *Combs v. City of Huntington*, 829 F.3d 388, 392 (5th Cir. 2016); *see also Amawi v. Pflugerville Indep. Sch. Dist.*, No. 1:18-CV-1091-RP, 2021 WL 1226569, at *6-7 (W.D. Tex. March 13, 2021), *rev'd and remanded on other grounds*, 2022 WL 4093123 (5th Cir. Sept. 7, 2022); *Mohammadi v. Nwabuisi*, No. 5:12-CV-42-RP, 2017 WL 4820364, at *2 (W.D. Tex. Oct. 24, 2017) ("*Mohammadi II*").

The *Johnson* factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) [Void][1]; (7) time limitations

---

[1] The sixth *Johnson* factor, "whether the fee is fixed or contingent," has been disallowed. *Rutherford v. Harris County*, 197 F.3d 173, 193 (5th Cir. 1999) ("The Supreme Court has barred any use of this factor").

3

> imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson*, 488 F.2d at 717-19.

However, no adjustment may be made on the basis of a *Johnson* factor that has already been considered in setting either of the lodestar components (the reasonable hours or the reasonable rates). *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) ("The lodestar may not be adjusted due to a *Johnson* factor that was already taken into account during the initial calculation of the lodestar"). In particular, adjustments based on the first two *Johnson* factors have been held to be improper and unnecessary as having already been accounted for in the lodestar calculation. *See e.g., Perdue*, 559 U.S. at 553 ("The novelty and complexity of a case … 'presumably [are] fully reflected in the number of billable hours recorded by counsel'"); *Blum*, 465 U.S. at 898 ("The novelty and complexity of the issues presumably were fully reflected in the number of billable hours recorded by counsel …."); *see also Mohammadi v. Nwabuisi*, No. 5:12-CV-42-RP, 2016 WL 9450697, at *6 (W.D. Tex. June 13, 2016) ("*Mohammadi I*") ("[I]n its assessment of the reasonableness of the number of hours billed, the Court already accounted for the novelty and difficulty of the cases. Accordingly, the Court will not adjust the lodestar on the basis of this factor.").

Consistent with this precedent, this memorandum first discusses the lodestar fee and then the *Johnson* factors.

### III.  Calculation of Attorneys' Fees

#### a.      Background of the Representation and Timekeepers

Mr. Jones first requested the assistance of Cornell, Smith, Mierl, Brutucao, and Burton ("Cornell Smith") in relation to his then-developing disputes with the City of Hutto in December

2019.[2] After Defendant passed the "Avoidance Resolution" on December 3, 2020, Cornell Smith filed this lawsuit on behalf of Mr. Jones on December 10, 2020.[3] Cornell Smith has remained actively involved in this case for its duration.[4] Cornell Smith is a well-known and well regarded law firm in Austin, Texas with a specialty in employment matters.[5] The Cornell Smith timekeepers on the matter include partners Ted Smith and Andrew Broadaway and paralegals Gabby Ramirez, Geoff Guerrero, and Alejandra Gutierez.[6]

In April 2022, Cornell Smith requested the assistance of Ellwanger Henderson LLLP, formerly known as Ellwanger Law LLLP ("Ellwanger Henderson") to litigate Plaintiff's claims.[7] Ellwanger Henderson is a well-known and well-regarded civil rights law firm specializing in employment matters.[8] Ellwanger Henderson represents clients in Texas and nationwide with offices in Austin and Dallas, and the firm has prosecuted several cases in the Western District of Texas.[9] Ellwanger Henderson lawyers began work on the matter in April 2022, made their appearances on June 7, 2022 (Dkts. 60-62), and have remained actively involved in this case through the present. The Ellwanger Henderson timekeepers on the matter include partners Jay Ellwanger, Holt Lackey,[10] and Jennifer Despins, associate Madison Chilton, and paralegal Joel Wright.[11]

On March 22, 2023, after obtaining a prevailing jury verdict, Mr. Jones engaged Alexander

---

[2] Declaration of Ted Smith, sworn to on February 8, 2024, attached as Exhibit **A**, at ¶4 (hereafter "Smith Dec.").
[3] *Id.*
[4] *Id.* at ¶6.
[5] *See id.* at ¶2.
[6] *See id.* at ¶9.
[7] *Id.* at ¶6; Declaration of Jay D. Ellwanger, sworn to on February 8, 2024, attached as Exhibit **B**, at ¶4.
[8] *Id.* at ¶2.
[9] *Id.*
[10] Mr. Lackey transitioned to a solo practice as Holt Major Lackey, PLLC in August 2022 but remained with Ellwanger Henderson on this and a handful of other matters in an "Of Counsel" capacity and remains actively involved in the case in that capacity to present. Ellwanger Dec. at ¶5.
[11] *Id.* at ¶¶5-7.

Dubose & Jefferson, LLP ("Alexander Dubose"), a prominent and well regarded Austin-based law firm specializing in trial collaboration and appellate matters.[12] Alexander Dubose lawyers made their appearances on April 24-25, 2023 (Dkts. 135, 137-38), and have remained actively involved in this case through the present. The Alexander Dubose timekeepers on the matter include partners Marcy Greer, Douglas Alexander, and Kristen Castaneda, and paralegal Stacey Jett.[13]

### b.   The Hours Reasonably Expended

In determining the reasonableness of the number of hours expended in a case, "[t]he party seeking attorney's fees must present adequately documented time records to the court." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). "'[C]ourts customarily require the applicant to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours ...'" *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1044 (5th Cir. 2010).

Billing records are "not required 'to describe in excruciating detail the professional services rendered for each hour or fraction of an hour.'" *Mohammadi I*, 2016 WL 9450697, at *4. Records are adequate if they exhibit "sufficient specificity and clarity for the court to make a reasonable inquiry as to whether the hours appear to be excessive or duplicative." *Id.*

Mr. Jones's lawyers' billing records are presented in Exhibit **D** (Cornell Smith billing records); Exhibit **E** (Ellwanger Henderson billing records); and Exhibit **F** (Alexander Dubose billing records).[14] As required by Local Rule CV-54, these billing records are organized chronologically by

---

[12] Declaration of Marcy Hogan Greer, sworn to on February 5, 2024, attached as Exhibit **C**, at ¶¶2-4.

[13] *Id.* at ¶¶4-6.

[14] In addition to the hours reflected in Plaintiff's attorneys' records to date, Plaintiff reserves the right to seek the hours spent in preparing and later replying in support of this Motion, which time is also generally compensable. *Cruz v. Hauck*, 762 F.2d 1230, 1233-34 (5th Cir. 1985). Specifically, Plaintiff reserves the right to include an accounting of hours spent in preparing and replying in support of this Motion together with its Reply brief.

activity or project, listing the attorney name, date, and hours expended on the particular activity or project. Mr. Jones's attorneys have attested to the reliability of the billing records in a manner consistent with W.D. Texas Local Rule CV-54.[15] Specifically, as required by Local Rule CV-54, a representative of each of Mr. Jones's law firms has attached an affidavit certifying (1) that the hours expended were actually expended on the topics stated; and (2) that the hours expended and rate claimed were reasonable.[16] Plaintiff has attached three additional affidavits from practitioners familiar with the market for legal services in Austin, Texas and the requirements of cases similar to this one who have reviewed the billing records and opined that the hours expended and rate claimed were reasonable.[17]

In addition to these affidavits averring the reasonableness of the hours expended, their reasonableness is further demonstrated by an examination of the record of this case and its specific features. Time claimed in a fee motion must be reasonable in order for it to be compensable. *League of United Latin American Citizens No. 4552 v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997). The complexity, duration, and document-and-labor-intensive nature of this case further demonstrate that the hours expended by Jones's attorneys were reasonable.

Throughout the 3+ year duration of this lawsuit, Mr. Jones's attorneys have been required to, among other tasks: respond to Defendant's multiple motions to dismiss; review thousands of pages of discovery documents produced by Defendant and third-party witnesses; defend and prepare for hearings on discovery matters, conduct or defend nine depositions; file and prevail on Plaintiff's own motion for partial summary judgment to establish the validity and enforceability of the underlying contracts in the case; respond to and in relevant part defeat Defendant's motion for summary

---

[15] Smith Dec. at ¶¶8-10; Ellwanger Dec. at ¶¶8-12; Greer Dec. at ¶¶7-8.
[16] Smith Dec. at ¶¶8-10; Ellwanger Dec. at ¶¶8-12; Greer Dec. at ¶¶7-8.
[17] Declaration of Ryan A. Botkin, sworn to Feb. 8, 2024, attached as Exhibit **G** ("Botkin Dec."); Declaration of Jeffrey S. Edwards, sworn to Feb. 8, 2024, attached as Exhibit **H** ("Edwards Dec."); Declaration of Austin H. Kaplan, sworn to Feb. 8, 2024, attached as Exhibit **I** ("Kaplan Dec.").

judgment; prepare the case for trial and participate in four days of trial; and respond to no fewer than four post-trial motions by Defendant. To date, there have been 168 docket entries.

The record of the case also reveals that rather than engaging in unreasonable "Rambo" discovery tactics, Mr. Jones conducted appropriate, proportional, and reasonable discovery. Despite the extensive discovery, there were few discovery disputes that required the Court's intervention. That indicates that the parties conducted discovery reasonably and avoided expending unnecessary time and effort on discovery disputes and did not waste time with unreasonable positions in discovery.

The reasonableness of Jones's attorneys and their efforts to avoid unnecessary litigation are further demonstrated by their repeated attempts to engage in settlement discussions so that the matter could be resolved with fewer litigation hours than were ultimately necessary. In addition to informally raising the subject of an efficient settlement resolution in numerous post-deposition discussions with Defendant's counsel, Plaintiff's attorneys made written settlement overtures and/or extended written invitations to settle or mediate the case on May 18, 2021, May 27, 2021, October 19, 2022, January 31, 2023, February 16, 2023, October 5, 2023, and November 14, 2023.[18] In each instance, Defendant refused entirely even to entertain a settlement discussion. As of the date of this filing, Defendant has still not offered even one dollar in the way of settlement.

While Plaintiff acknowledges that Defendant has the prerogative to stonewall settlement, that decision precludes Defendant from protesting to this Court about the time Plaintiff was required to expend on this case as a result. In the Supreme Court's words: "'The [defendant] cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in

---

[18] Smith Dec. ¶7; Ellwanger Dec. ¶19; Collected Correspondence Regarding Settlement, attached as Exhibit **J**. Time spent in the pursuit of settlement is compensable. *Pérez-Sosa v. Garland*, 22 F.4th 312, 323 (1st Cir. 2022) ("time reasonably spent in pursuit of settlement is worthwhile, and, therefore, generally fit for inclusion in a fee award"). Accordingly, the attached fee bills include time spent in preparing these settlement overtures, though the time spent in pursuit of settlement was relatively modest due to Defendant's persistent unwillingness to even entertain such discussions.

response.'" *City of Riverside v. Rivera*, 477 U.S. 561, 581 (1986). Defendant Hutto litigated tenaciously indeed. The Defendant filed motions to dismiss [Dkts. 22, 46], a motion for summary judgment (Dkt. 67), and four separate post-judgment motions [Dkts. 133, 134, 156, and 158]. Plaintiff's attorneys dutifully responded to each. The hours expended in responding to Defendant's aggressive litigation strategy are of Defendant's own doing, especially in light of Defendant's refusal to consider settlement, and Plaintiff's necessary response to that litigation strategy was reasonable and properly chargeable to Defendant.

Finally, the reasonableness of the expended hours claimed by Plaintiff is further demonstrated by counsel's exercise of proper billing judgment in excluding many hours from the claim. Courts expect fee applicants both to write off "unproductive, excessive, or redundant hours" and to exclude hours expended on "distinctly different" claims that are "based on different facts and legal theories" from the claims on which they prevailed and for which fees are to be rewarded. *See Hensley v. Eckerhart*, 461 U.S. 424, 434–35 (1983); *Amawi*, 2021 WL 1226569, at *6. But the Supreme Court has recognized that multiple claims in a suit involving "a common core of facts or … related legal theories" are often not so "distinctly different" as to require time expended on them to be excluded from the lodestar:

> It may well be that cases involving such unrelated claims are unlikely to arise with great frequency. Many civil rights cases will present only a single claim. In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.
>
> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply

> because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

*Hensley*, 461 U.S. at 435 (internal citations omitted).

Here, in addition to the 42 U.S.C. § 1981 claim against Hutto on which Plaintiff prevailed and which provides the basis for this fee application, Plaintiff pursued claims under section 1981 against individual defendants Mike Snyder, Tanner Rose, and Warren Hutmacher, as well as various tort theories against Hutto and these individual defendants stemming from the same underlying nexus of facts. These claims were dismissed for legal rather than factual reasons at either the motion to dismiss or summary judgment phase. Plaintiff largely prevailed on the relief he sought under the Declaratory Judgment Act when he obtained a summary judgment ruling that the underlying contracts were valid and enforceable. Dkts. 90, 126. Plaintiff also pursued and obtained a favorable jury verdict on his breach of contract claim against Hutto, but agreed to remit the $4,500,000 in damages awarded by the jury for that claim.

All of these claims "involve[d] a common core of facts" and were "based on related legal theories." *Hensley*, 461 U.S. at 435. Every claim centered on the argument that Hutto and the individual actors, who each ultimately argued that they were acting under color of their office with Hutto, had discriminated against Mr. Jones and breached its contracts with him by disparaging him and by purporting to void the Separation Agreement and demanding repayment of his severance. Because these claims were so related to his section 1981 claim against Hutto, involving the exact same facts, actors, and highly related legal theories, it was indeed the case that "[m]uch of counsel's time [was] devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Id.* Indeed, even if the dismissed claims had never been in the case, pursuing the section 1981 claim against Hutto alone would have required the same scope of

discovery requests, the same depositions including depositions of each of the individual witnesses, similar voluminous briefing at the motion to dismiss and summary judgment phases, and identical proof and briefing at the trial and post-trial phases. And when the focus is directed, as the Supreme Court said it must be, on the "overall relief obtained by the plaintiff," taken as a whole Mr. Jones "obtained excellent results." *Id.*

Nonetheless, Plaintiff's attorneys have exercised reasonable billing judgment in excluding hours spent defeating a third-party witness's efforts to recover costs associated with her subpoena— a time-consuming sideshow that arguably did not directly involve Defendant.[19] Plaintiff's attorneys have also reduced by 20% the time expended in responding to Defendant's motions to dismiss and for summary judgment to acknowledge that some of that briefing was devoted to legal issues relating only to the claims on which Plaintiff did not prevail.[20] Likewise, Plaintiff's attorneys have reduced the hours expended in post-trial briefing to delete or adjust entries for researching matters that were ultimately not included in the briefing or were unsuccessful in the order denying in part and granting in part post-judgment relief.[21]

The remaining time—the time for which Mr. Jones seeks compensation for attorneys— (not yet including the time for a reply and any hearing on this fees and costs motion), is summarized in the following table:

| Law Firm | Hours |
|---|---|
| Cornell Smith Mierl Brutucao Burton LLP | 1,154.30 |
| Ellwanger Henderson LLLP | 845.25 |
| Alexander Dubose & Jefferson LLP | 198.6 |
| **Total Hours** | 2,198.15 |

[19] Smith Dec. at ¶11; Ellwanger Dec. at ¶10.
[20] Smith Dec. at ¶11; Ellwanger Dec. at ¶10.
[21] Greer Dec. at ¶10.

As required by Local Rule CV-54, attached affidavits establish that these hours were actually expended on the topics stated and were reasonable.[22]

         **c.**        **The Reasonable Hourly Rates**

Once the compensable time is determined, the second step of the lodestar analysis is to determine reasonable hourly rates "according to the prevailing market rates in the relevant community," *Blum*, 465 U.S. at 895, i.e., "in the community in which the district court sits." *Mohammadi II*, 2017 WL 4820364, at *3. "'Generally, the reasonable rate for a particular community is established through affidavits of other attorneys practicing there.'" *Id.* (quoting *Tollet v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).

As set forth in more detail in the attached Declarations, Cornell Smith's relevant billing rate ranges from an hourly rate of $150 for paralegals to $650 per hour for partners, depending upon the experience level and the reasonable billing rate of the particular attorney or legal assistant performing the work.[23] In addition, Ellwanger Henderson's billing rate ranges from an hourly rate of $100 for project assistants to $575 per hour for partners, depending upon the experience level and the reasonable billing rate of the particular attorney or legal assistant performing the work.[24] Finally, Alexander Dubose's billing rates in this case range from an hourly rate of $250 for a highly experienced paralegal to $900 per hour for partners, depending upon the experience level and the reasonable billing rate of the particular attorney or legal assistant performing the work.[25] As demonstrated in the attached affidavits of Ryan Botkin, Jeff Edwards, and Austin Kaplan, the requested hourly rates are justified by the prevailing market rates in Austin, Texas and the attorneys'

---

[22] Smith Dec. at ¶¶8, 13, 14, 16-18; Ellwanger Dec. at ¶¶9, 12, 13, 15-17; Greer Dec. at ¶¶8, 12-14; *see also* Botkin Dec. at ¶¶11; Edwards Dec. at ¶¶24-30; Kaplan Dec. at ¶¶5-7.
[23] Smith Dec. at ¶9-10.
[24] Ellwanger Dec. at ¶¶5-7.
[25] Greer Dec. at ¶¶5-7.

and staffs' skills, experience, and accomplishments.[26]

The timekeepers for whom Plaintiffs seek compensation, their rates, and the evidence supporting their rates are collected in the chart below:

| Timekeeper | JD/Year Licensed | Requested Rate | Evidence |
|---|---|---|---|
| *Attorneys* | | | |
| Ted Smith | 1994 (Texas) | $650 | Smith Dec. ¶¶8-10; Botkin Dec. ¶¶7-10; Edwards Dec. ¶¶24-30; Kaplan Dec. ¶¶5-7. |
| Andrew Broadaway | 2013 (Texas) | $525 | Smith Dec. ¶¶8-10; Botkin Dec. ¶¶7-10; Edwards Dec. ¶¶24-30; Kaplan Dec. ¶¶5-7. |
| Jay Ellwanger | 2001 (California); 2002 (Texas) | $575 | Ellwanger Dec. ¶¶6, 8; Botkin Dec. ¶¶7-10; Edwards Dec. ¶¶24-30; Kaplan Dec. ¶¶5-7. |
| Holt Lackey | 2005 (Texas) | $575 | Ellwanger Dec. ¶¶5, 8; Botkin Dec. ¶¶7-10; Edwards Dec. ¶¶24-30; Kaplan Dec. ¶¶5-7. |
| Jennifer Despins | 2002 (Texas) | $525 | Ellwanger Dec. ¶¶6, 8; Botkin Dec. ¶¶7-10; Edwards Dec. ¶¶24-30; Kaplan Dec. ¶¶5-7. |
| Madison Chilton | 2022 (Texas) | $400 | Ellwanger Dec. ¶¶6, 8; Botkin Dec. ¶¶7-10; Edwards Dec. ¶¶24-30; Kaplan Dec. ¶¶5-7. |
| Marcy Greer | 1990 (Texas) | $800 | Greer Dec. ¶¶4-7; Botkin Dec. ¶¶7-10; Edwards Dec. ¶¶24-30; Kaplan Dec. ¶¶5-7. |
| Douglas Alexander | 1984 (Texas) | $900 | Greer Dec. ¶¶4-7; Botkin Dec. ¶¶7-10; Edwards Dec. ¶¶24-30; Kaplan Dec. ¶¶5-7. |
| Kirsten Castaneda | 1995 (Texas) | $700 | Greer Dec. ¶¶4-7; Botkin Dec. ¶¶7-10; Edwards Dec. ¶¶24-30; Kaplan Dec. ¶¶5-7. |

---

[26] Botkin Dec. at ¶¶7-11; Edwards Dec. at ¶¶24-30; Kaplan Dec. at ¶¶5-7.

| *Paralegals* | | | |
|---|---|---|---|
| Geoff Guerrero | | $150 | Smith Dec. ¶¶8-10; Botkin Dec. ¶¶7-10; Kaplan Dec. ¶7. |
| Gabby Ramirez | | $150 | Smith Dec. ¶¶8-10; Botkin Dec. ¶¶7-10; Kaplan Dec. ¶7. |
| Alejandra Gutierez | | $150 | Smith Dec. ¶¶8-10; Botkin Dec. ¶¶7-10; Kaplan Dec. ¶7. |
| Joel Wright | | $200 | Ellwanger Dec. ¶¶7-8; Botkin Dec. ¶¶7-10; Kaplan Dec. ¶7. |
| Stacey Jett | | $250 | Greer Dec. ¶¶6-7; Botkin Dec. ¶¶7-10; Kaplan Dec. ¶7. |

In addition to the testimonial evidence, the rates are reasonable because they are consistent with court-awarded and market-based rates to lawyers in the Western District of Texas with comparable years of licensure, as described in the declarations of Messrs. Botkin,[27] Edwards,[28] and Kaplan.[29]

The requested and charted rates, well-supported by the evidence, are the rates the Court should determine to be reasonable and use to calculate the lodestar fee.

###     d.      The Lodestar Fee

Based on the reasonable hours expended as described above, multiplied by the above-established reasonable hourly rates, the presumptively correct lodestar fee is $1,153,384.00. The calculations supporting this fee are contained in the attached Exhibits D, E, and F, billing records from each of Mr. Jones's law firms organized chronologically by activity or project, supported by affidavits certifying that the hours were actually and reasonably expended at reasonable rates, as required by Local Rule CV-54(b)(2).[30] As discussed above, the reasonableness of the rates sought and the hours expended is

---

[27] Botkin Dec. at ¶¶7-10.
[28] Edwards Dec. at ¶¶24-28.
[29] Kaplan Dec. at ¶¶5-7.
[30] Smith Dec. *passim*; Ellwanger Dec. *passim*; Greer Dec. *passim*.

further supported by the affidavits of Messrs. Botkin, Edwards, and Kaplan (Exhibits G, H, and I).

The resulting lodestar fee for each of Mr. Jones's three law firms is summarized in the table below:

| Law Firm | Hours | Reasonable Rates | Lodestar Fee |
|---|---|---|---|
| Cornell Smith Mierl Brutucao Burton LLP | 1,154.30 | $525-$650 (attorneys) $150 (paralegals) | $604,439.00 |
| Ellwanger Henderson LLLP | 845.25 | $400-$575 (attorneys) $200 (paralegals) | $401,460.00 |
| Alexander Dubose & Jefferson LLP | 198.60 | $700-$900 (attorneys) $250 (paralegals) | $147,485.00 |
| **Total Hours** | 2,198.15 | **Total Lodestar Fee** | $1,153,384.00 |

###### e.  **The *Johnson* Factors**

Plaintiff Jones does not seek an enhancement of the lodestar amount based on the *Johnson* factors because the lodestar fee has already accounted for all the relevant *Johnson* factors in this action. *See Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 800 (5th Cir. 2006) ("The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar amount already took that factor into account; to do so would be impermissible double counting.").

The time and labor required and the novelty and difficulty of the questions, as discussed above, are fully reflected in the number of hours expended in the case. Likewise, the requisite skill, preclusion of other employment, customary fee, experience and reputation of the attorney, and awards in similar cases are all reflected in and factored into Plaintiff's proof of the reasonable hourly rates applied to Mr. Jones's attorneys' hours in the lodestar calculation. There were no material time limitations imposed by the client or the circumstances, nor any material aspects of "undesirability" of the case or the nature of the professional relationship with the client. The amount involved was significant and the results obtained were excellent, both of which factor into the reasonableness of the lodestar amount (see in particular the discussion of *Hensley* above). The amount involved and

results obtained certainly do not weigh in favor of any reduction of the lodestar amount, and Mr. Jones does not seek any enhancement.

Accordingly, the *Johnson* factors support awarding Mr. Jones the full lodestar amount without any enhancement or reduction. Mr. Jones contends the lodestar fee already captures all of the *Johnson* factors relevant to setting a reasonable fee for this action: no enhancement or decrease is warranted. His counsel have eliminated and reduced time in keeping with the principles described above (*see supra* pages 9-12).

## IV.  **The Prevailing Plaintiffs' Costs**

In addition to attorneys' fees, Plaintiff Jones is entitled to an award of costs under Fed. R. Civ. P. 54(d)(1), which provides that "costs other than attorneys' fees should be allowed to the prevailing party" unless the court otherwise directs. FED. R. CIV. P. 54(d)(1). Moreover, the Fifth Circuit strongly presumes that the court will award costs to the prevailing party. *See Byers v. Dallas Morning News, Inc.,* 209 F.3d 419, 430 (5th Cir. 2000) ("the standard procedure is to award costs to the prevailing party . . . ."); *Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992) ("We recognize a strong presumption that the court will award costs to the prevailing party") (citation omitted).

Recoverable costs to a prevailing party include "[a]ll reasonable out-of-pocket expenses, including charges for expert costs, shipping of documents, court reporters' costs, photocopying, paralegal assistance, travel, and telephone … because they are part of the costs normally charged to a fee-paying client." *Associated Builders & Contractors of La., Inc. v. The Orleans Parish Sch. Bd.*, 919 F.2d 374, 380 (5th Cir. 1990).

As such, Cornell Smith's reasonable expenses amounted to $33,450.86.[31] Ellwanger

---

[31] *See* Smith Dec. at ¶15; Cornell Smith Itemized Costs, attached as Exhibit **K**; *see also* Botkin Dec. at ¶11; Edwards Dec. at ¶¶26, 29-30.

Henderson's reasonable expenses amounted to an additional $12,217.22.[32] The total amount of reasonable costs for this case is thus $45,668.08. Declarations supporting the costs and attesting that the requested costs are for items that their firms—and firms in this legal market—would normally charge to fee-paying clients, and were reasonably necessary for the pursuit of this litigation, have been attached.[33]

## V.  <u>Post-Judgment Interest on the Award of Fees and Expenses</u>

A prevailing party is entitled to post-judgment interest on an award of fees and costs from the date of the judgment on the merits that establishes the right to the award of fees and costs. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 331-32 (5th Cir. 1995). Hence, the Court's order on this motion should provide for interest from the date of the judgment (March 21, 2023) (Dkt. 127).

## VI.  <u>Conclusion</u>

Mr. Jones's lawyers have fully complied with their obligations in seeking fees and costs in this case. They maintained meticulous, detailed contemporaneous records of their time and expenses. They have exercised billing judgment and deleted from this request time that was unnecessary, duplicative or unreasonable for any reason. And they have sought for themselves billing rates that are consistent with the standard of reasonableness documented in the numerous supporting declarations.

The Court should award fees, costs, and postjudgment interest as set forth below:

    a.        Attorneys' fee of $1,153,384.00;

    b.        Costs in the total amount of $45,668.08;

    c.        Postjudgment interest on $1,199,052.08 in fees and costs from March 21, 2023.

---

[32] *See* Ellwanger Dec. at ¶14; Ellwanger Henderson Itemized Costs, attached as Exhibit **L**; *see also* Botkin Dec. at ¶11; Edwards Dec. at ¶¶26, 29-30.
[33] *See supra* Notes 31 and 32.

Respectfully submitted,

/s/ *Marcy Hogan Greer*
Douglas W. Alexander
  State Bar No. 00992350
  dalexander@adjtlaw.com
Marcy Hogan Greer
  State Bar No. 08417650
  mgreer@adjtlaw.com
ALEXANDER DUBOSE & JEFFERSON LLP
515 Congress Avenue, Suite 2350
Austin, Texas 78701-3562
Telephone: (512) 482-9300
Facsimile:  (512) 482-9303

Kirsten M. Castañeda
  State Bar No. 00792401
  kcastaneda@adjtlaw.com
ALEXANDER DUBOSE & JEFFERSON LLP
8144 Walnut Hill Lane, Suite 1000
Dallas, Texas 75231-4388
Telephone: (214) 369-2358
Facsimile:  (214) 369-2359

Edward M. "Ted" Smith
  State Bar No. 00791682
  tsmith@cornellsmith.com
Andrew Broadaway
  State Bar No. 24082332
  abroadaway@cornellsmith.com
CORNELL SMITH MIERL BRUTOCAO BURTON,
LLP
1607 West Avenue
Austin, Texas 78701
Telephone: (512) 328-1540
Facsimile:  (512) 328-1541


Jay D. Ellwanger
  State Bar No. 24036522
  jellwanger@equalrights.law
Holt M. Lackey
  State Bar No. 24047763
  holt@holtmajorlackey.com
ELLWANGER LAW LLLP
8310-1 N. Capital of Texas Hwy., Ste. 190
Austin, Texas 78731
Telephone: 737-808-2260

COUNSEL FOR PLAINTIFF ODIS JONES

## <u>CERTIFICATE OF CONFERENCE</u>

I certify that Plaintiffs' counsel have conferred with opposing counsel concerning the motion for reasonable fees and costs as required by Local Rule CV-54. Specifically, at 7:14 a.m. on Tuesday, February 6, 2024, Ted Smith sent an email to counsel for Defendant George Hyde at ghyde@txlocalgovlaw.com, Matthew Weston at mweston@txlocalgovlaw.com, and Ray Viada at rayviada@viadastrayer.com.

Attached to Mr. Smith's February 6, 2024, email were copies of the billing and expense records in this matter of the Cornell Smith, Ellwanger Henderson, and Alexander Dubose firms. With only minor, non-substantive proofreading changes, these attachments were substantially identical to Exhibits D, E, F, K, and L to this Motion. The body of Mr. Smith's email, like this Motion, concluded that Mr. Jones was "entitled to an award of approximately $1,199,052 in attorneys' fees and expenses.

Mr. Smith's February 6, 2024, email concluded by inviting counsel for Defendant to "[p]lease review the attached and let us know if you dispute any of the fees and expenses incurred so that we may confer in an attempt to resolve 'all disputed issues relating to attorneys' fees' prior to the filing of Mr. Jones' application on February 8, 2024."

Counsel for Defendant George Hyde sent an email acknowledging receipt at 7:52 a.m. on February 6, 2024. Counsel for Defendant Ray Viada likewise acknowledged receipt by email at 7:57 a.m. on February 6, 2024.

On February 7, 2024, Mr. Smith again emailed Messrs. Hyde, Weston, and Viada at the same email addresses, noting that he was writing "to follow up again on" the February 6, 2024 email "regarding our offer to confer on any 'disputed issues relating to attorneys' fees' prior to the filing of Mr. Jones' application that is due tomorrow, February 8, 2024. As we intend to file the application by 5 pm tomorrow, please let us know as soon as possible if you would like to schedule a time to confer before then."

Other than their initial emails confirming receipt on the morning of February 6, 2024, as of the time of this filing, Counsel for Defendant has not responded substantively to Mr. Smith's emails or their invitation to confer.

*/s/ Marcy Hogan Greer*
Marcy Hogan Greer

**CERTIFICATE OF SERVICE**

      I certify that on February 8, 2024, this document was served pursuant to Federal Rules of Civil Procedure on counsel for Defendant via the Court's electronic filing system.


*/s/ Marcy Hogan Greer*          
Marcy Hogan Greer